Katherine Marie AANESTAD, as Administratrix of the Estate of Richard Ernest Sykes, Deceased, Plaintiff-Appellant,

v.

BEECH AIRCRAFT CORPORATION, a corporation, and Teledyne-Continental Motors, a corporation, Defendants-Appellees.

No. 73–2810.

United States Court of Appeals, Ninth Circuit.

June 20, 1974.

---

Daniel C. Cathcart, Los Angeles, Cal., for plaintiff-appellant.

Sherman S. Welpton, Jr., Los Angeles, Cal., for defendants-appellees.

## OPINION

Before BROWNING, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

The sole issue on this appeal is whether the district court correctly determined that it had no personal jurisdiction over the defendant in a wrongful death action. We affirm.

The decedent, Richard Ernest Sykes, was a resident of New Mexico when a Beechcraft airplane in which he was a passenger crashed near Las Cruces, New Mexico, in January 1972. He was killed in the accident. Surviving him are his widow and two sons, all of whom were and are residents of New Mexico. The aircraft involved in the accident had never been owned or operated in California.

The airplane was virtually new, having been flown from the Beech company's manufacturing plant at Wichita, Kansas, to an aircraft dealer in Albuquerque and thence to the scene of the accident. Beech is a Delaware corporation with its principal place of business in Wichita. It is not incorporated in California, nor is it licensed to do business there. It does not manufacture any aircraft nor aircraft components in California, nor does it own any manufacturing facilities or other real property in California.

Sykes' widow instituted a wrongful death action in the New Mexico state court, based upon the same airplane accident. In that suit she sought recovery from other parties, the owner of the plane and the pilot, but not against the manufacturer, Beech.

The plaintiff in the action before us is a legal secretary for the Los Angeles firm which instituted this action. She was appointed administratrix for the sole purpose of bringing this lawsuit, which is the only alleged asset of the

decedent in California. Beech petitioned for removal from the state court to the district court and thereafter moved to dismiss, alleging lack of personal jurisdiction. The motion was granted.

■ Since the case was removed from a California court, the district court had personal jurisdiction over the defendant Beech only if the court from which the case was removed had such jurisdiction. *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); *Block v. Block*, 196 F.2d 930, 933 (7th Cir. 1952).

California has adopted the "minimum contacts" approach to the problem of personal jurisdiction. The basic jurisdictional statute reads:

> "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Code Civ.Proc. § 410.10.

Thus, the only issue to be resolved is whether an exercise of jurisdiction by a California court would violate the Due Process Clause of the Fourteenth Amendment.

■ A state may not acquire personal jurisdiction over a party without that party having certain "minimum contacts" with the forum state. Such minimum contacts are constitutionally required. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Although there are varied formulation of the "minimum contacts" test for nonresidents, this Court has adopted the following approach:

> "(1) The nonresident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction may be by mail only. A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three.

> "(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activities of defendant in the forum state there would still be a 'substantial minimum contact.'

> "(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of 'fair play' and 'substantial justice.' If this test is fulfilled, there exists a 'substantial minimum contact' between the forum and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of forum non conveniens."

*L. D. Reeder Contractors v. Higgins Industries*, 265 F.2d 768, 773–74 n.12 (9th Cir. 1959), quoting 47 Geo.L.J. 342, 351–52 (1958). Although *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), upheld jurisdiction where the cause of action was not an outgrowth of the activity relied upon to establish minimum contacts, *Reeder* limited the *Perkins* holding to the unusual facts there presented. *See also* von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv.L.Rev. 1121, 1144 (1966); Note, *Developments in the Law, State Court Jurisdiction*, 73 Harv.L.Rev. 909, 933 (1960).

■ Applying the above approach and analysis to the facts of this case, it is clear that the district court was correct in finding that there was no personal jurisdiction in California over defendant Beech. It is uncontradicted that defendant Beech is not incorporated in, or licensed to do business in, the State of California. The record indicates that Beech does not manufacture any aircraft or components of aircraft in California, nor does it own any plants, or other real property in California. Appellant argues, however, that Beech is in fact do-

ing business in California because Beechcraft West and its subsidiary, Mission Beechcraft, who sell, service, and distribute Beech aircraft, are California corporations which are wholly owned subsidiaries of Beech Holdings (a Kansas corporation), which is in turn a wholly-owned subsidiary of defendant Beech. Appellee argues that each of these corporations acts as a separate and distinct corporate entity and that neither was involved in the manufacture, servicing or sale of the aircraft whose crash gave rise to the present suit. The California corporations have not been named as defendants in this action.

We need not consider whether, or under what circumstances, the activities of a wholly-owned subsidiary subject the parent corporation to the jurisdiction of the state in which the subsidiary is incorporated or does business. *See Cannon Mfg. Co. v. Cudahy Packing Corp.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849 (1st Cir. 1970); *Hayashi v. Sunshine Garden Products, Inc.*, 285 F.Supp. 632 (W.D.Wash.1967), *aff'd sub nom. Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13 (9th Cir. 1968); *Empire Steel Corp. v. Superior Court*, 56 Cal.2d 823, 17 Cal.Rptr. 150, 366 P.2d 502 (1961). Even if Beech were charged with the activities of its subsidiaries in California, none of those activities had anything to do with the cause of action in the instant case. Thus, jurisdiction fails under rule 2 of the *Reeder* test. Nor are Beech's activities in California, if any, so pervasive that they justify jurisdiction in California of a cause of action not related to Beech's alleged California activities.[1]

Under the standard announced in *Reeder*, the district court was correct in holding that California courts could not, within the requirements of due process, exercise jurisdiction over this case. The action was properly dismissed, and the order of the district court is affirmed.

---

1. We read *Reeder* to apply only where the contacts, if any, are "minimal." Where the contacts are pervasive, it is unclear whether the cause of action must be an outgrowth of those activities. We express no opinion on this question.