**FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Plaintiff,**

v.

**Ralph AKIN et al., Defendants.**

**No. 75–C–308.**

United States District Court,
E. D. Wisconsin.

Nov. 21, 1975.

Foley & Lardner by Robert A. DuPuy, Milwaukee, Wis., for plaintiff.

Whyte & Hirschboeck by Reginald W. Nelson, Milwaukee, Wis., for defendants.

## DECISION and ORDER

**MYRON L. GORDON**, District Judge

The defendants Ralph Akin, M. G. Astleford and Jane Z. Astleford have moved to dismiss the action as to such defendants on the ground that the court is without jurisdiction over their persons. Service in each instance was made outside of Wisconsin, and the defendants urge that this court should not assume jurisdiction over them.

Mr. Akin and Mr. Astleford were officers of Investors Associates, Inc., a corporation which borrowed money from the plaintiff bank. In connection with that loan, certain personal guarantees were signed by the defendants. Allegedly, when Investors Associates, Inc. failed to make the necessary payments under the loan agreement, this action was commenced against the personal guarantors. The action was originally commenced in the state court of Wisconsin and was removed to this court by the defendants. The court has before it the pleadings in the case at bar, the written agreements between the parties, and their briefs.

The plaintiff has its principal office in Wisconsin and the loan agreement provides that Wisconsin law is to be applicable. The movants did not maintain offices in Wisconsin, nor did they have agents regularly doing business in their behalf in this state. Nevertheless, the plaintiff urges that there is jurisdiction over them under the state's long arm statute. The provision in the loan agreement that Wisconsin law is to be applied is not restated in the personal guarantee contracts.

In my opinion, it cannot be said that the defendants engaged in substantial and not isolated activities within Wisconsin. Accordingly, the defendants are not subject to jurisdiction here under § 262.05(1)(d) Wis.Stats. *O'Hara International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971), does not require a contrary conclusion; in the latter case there were a combination of circumstances which the court found warranted the application of the Illinois long arm statute. In the case at bar, there are only meager contacts with the state of Wisconsin by these defendants.

The basic loan contract provided that Wisconsin law was to apply, and also funds were paid by the Wisconsin banking institution to the borrower in another state. The situation in the case at bar does not qualify as the performing of services in Wisconsin under §§ 262.05(5)(a) or (b). Similarly, such disbursement of funds would not bring the defendants within the jurisdiction of this court under § 262.05(5)(d).

The plaintiff points out that the bank in Wisconsin processed two loans and "at least 16 draw requests." Nevertheless, in my opinion, there were not sufficient activities in this state by the named defendants to entitle this court to assume jurisdiction over them. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Therefore, it is ordered that the motion of the defendants Ralph Akin, M. G. Astleford and Jane Z. Astleford to dismiss be and hereby is granted.

It is also ordered that this action against them be and hereby is dismissed, without prejudice.