**INTAMIN, INC., Plaintiff,**

v.

**FIGLEY–WRIGHT CONTRACTORS, INC., et al., Defendants.**

**No. 83 C 9387.**

United States District Court,
N.D. Illinois, E.D.

Sept. 20, 1984.

Carlton Fisher, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff.

Thomas F. Tobin, Michael J. Wagner, Baker & McKenzie, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

James Figley ("Figley") and Leonard Wright ("Wright") move for reconsideration of this Court's August 27, 1984 oral bench ruling denying their motion to dismiss for want of personal jurisdiction.[1] For the reasons briefly stated in this memorandum opinion and order (and more ex-

---

1. Figley and Wright complain because this Court cut off the proposed briefing schedule by its bench ruling "without the benefit of fully airing the issues raised in the motion" (current Mem. 3). That is wholly misleading. This Court was then in receipt of Figley's and Wright's own supporting memorandum (the first in the usual three-brief schedule), which cited *none* of the cases now said by them to be applicable. This Court read all of the authorities Figley and Wright had advanced on their own behalf. It found none of those authorities persuasive, let alone controlling, in the face of the highly parallel *O'Hare* case of which this Court was aware. Accordingly it declined to require Intamin, Inc. to respond to the Figley and Wright memorandum.

tensively outlined in *Club Assistance Program, Inc. v. Zuckerman*, 594 F.Supp. 341), their motion is denied.

First, the fact that the guaranty in *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir.1971) contained its own stipulation for applicability of Illinois law, while the guaranty here rather guaranteed obligations under a *contract* that contained a like stipulation, is a distinction without a difference. There is a tendency in these long-arm cases to announce the end result of personal jurisdiction vel non as a substitute for reasoning. And as the remaining discussion will reflect, *reasoning* supports jurisdiction here.

Second, reliance on the place of "execution" of the guaranty—where the last pen was put to paper—employs the same kind of wooden and artificial recital of facts as a substitute for analysis. Again the issue should be decided in terms of the *meaningful* relationships (or lack of relationships) of the guarantors with Illinois.

When this Court ruled initially, it was of course well aware of its colleague Judge Hart's thoughtful decision in *Northern Trust Company v. Dillon*, 558 F.Supp. 1118 (N.D.Ill.1983), including his reliance on *Telco Leasing v. Marshall County Hospital*, 586 F.2d 49 (7th Cir.1978). But the relevant contrasts between those cases and this one are dramatic. Most significantly, in *Northern Trust* the guaranty by the non-resident was of a contract (an equipment lease of a computer system), and in *Telco* the defendant Hospital had signed a contract (a lease of medical equipment), each to be performed wholly *outside* Illinois. In each case the only way Illinois

even arguably stood to be affected was by a potential economic impact on the Illinois lessor company in case of nonpayment of the principal obligation.[2] In this case, though, the guaranty was of performance of a wholly *Illinois* contract—construction of a multi-million dollar permanent structure in this state.[3] Little wonder Illinois law was chosen by the parties to be applicable.

Just last week this Court had occasion to essay reconciliation of the welter of Illinois cases in this area of law. *Club Assistance Program, Inc. v. Zuckerman*, (1984) 594 F.Supp. 341. *Club Assistance* found the common thread of reason that runs through the decisions is whether the conduct of the party now challenging personal jurisdiction had been intended to affect interests in Illinois (in which case jurisdiction *would* lie) or not (in which case it would *not*).

Here Figley and Wright executed a personal guaranty as a specific inducement to the other contracting party to award Figley's and Wright's own corporation a major contract (construction of a $4 million roller coaster), to be carried out entirely in this state. As the corporate shareholders, directors and officers, Figley and Wright stood to derive the entire benefit of that bargain—the large fee for services in construction of the project. It would be difficult to characterize their conduct otherwise than as directly intended to affect Illinois rights—or to repeat the conclusory phrase that permeates *O'Hare* and so many of the other decisions in this field, their own action to obtain the Illinois contract for their corporation (a contract governed by Illinois

---

**2.** Though this Court was not familiar with Judge Gordon's brief opinion in *First Wisconsin National Bank of Milwaukee v. Akin*, 403 F.Supp. 1244 (E.D.Wis.1975), that case posed a situation conceptually identical to *Northern Trust* and *Telco*. In *First Wisconsin* the only assertedly Wisconsin-related "activity" was a borrowing from a Wisconsin bank, with the funds being paid to the borrower in another state. Again the only impact in Wisconsin was economic, and the only real activity in Wisconsin was by the *lender*—not by the borrower whose debt was guaranteed. In the latter respect *Northern Trust, Telco* and *First Wisconsin* all bear a mark-

ed analytical resemblance to *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir.1979), *cert. denied*, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980), where our Court of Appeals rejected personal jurisdiction.

**3.** Indeed this case has much more in significant Illinois contacts than did *O'Hare* (where the principal obligor had also leased equipment—an airplane—from an Illinois lessor for out-of-state use), and the result here follows a fortiori from *O'Hare* and the added discussion in the text here and in *Club Assistance.*

law) was "conduct by which [they] may be said to have invoked the benefits and protections of the law of the forum." In the equally familiar language of *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) Figley and Wright surely could "reasonably anticipate being haled into court" here if their corporation breached—necessarily in Illinois, for its performance took place *only* here—the obligation they had guaranteed.[4]

Figley's and Wright's motion for reconsideration is denied. They still remain in the case.

---

4. It is worth noting that in *Northern Trust* (the only case posing the problem) the conclusion as to personal jurisdiction over the guarantors was identical to that as to jurisdiction over the obligors. None of the cases—*O'Hare, Northern Trust, Telco* or *First Wisconsin* —reached the result urged by Figley and Wright, under which the contract would be determined to have enough Illinois contacts to keep the principal obligor in court, but the guaranty would be found to lack sufficient Illinois contacts to justify jurisdiction over the guarantor.