**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff,**

v.

**CONSULTING ENGINEERING GROUP and Nadar Eskander, Defendants.**

No. 84 C 7553.

United States District Court, N.D. Illinois, E.D.

Oct. 10, 1984.

Richard H. Ferri, Continental Ill. Nat'l Bank & Trust Co., Chicago, Ill., for plaintiff.

Edward Jepson, Jr., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Daniel Duffy, Cassem, Tierney, Adams, Gotch & Douglas, Omaha, Neb., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Continental Illinois National Bank and Trust Company of Chicago ("Continental Bank") brings this diversity action against corporate defendant Consulting Engineering Group ("Consulting Engineering") and individual defendant Nadar Eskander ("Eskander"), both Nebraska citizens for jurisdictional purposes.[1] Defendants move alternatively (1) for dismissal under Fed.R. Civ.P. ("Rule") 12(b)(2) or (2) to quash the return of service of the summons and complaint. For the reasons stated in this memorandum opinion and order, the action is dismissed (without prejudice) for want of personal jurisdiction over either defendant.[2]

### Facts [3]

In 1980 a Saudi Arabian bank requested the Continental Bank to transfer $70,000 to an Omaha bank for a payment owed to Consulting Engineering. By mistake Continental Bank processed the payment twice, thus overpaying Consulting Engineering by $70,000.

When Continental Bank discovered the mistake in its wire transfers (nearly two years later!), it tried unsuccessfully to recover the funds from Eskander (Consulting Engineering's President).[4] Continental Bank is informed and believes Eskander withdrew and spent the money.

Eskander has never been an Illinois resident. He owns no property and conducts no business here, nor has he ever conducted any business with the Continental Bank in Illinois or anywhere else. Consulting Engineering also has no contacts with Illinois: It does no business here, is not registered here, has no offices or clients here, has solicited no business here, has no agent for solicitation of business here and has no property here.

### Lack of Personal Jurisdiction

This Court has had recent occasion to deal at some length with the principles underlying Illinois law[5] for bringing nonresident defendants into court, both under the Illinois long-arm statute (Ill.Rev.Stat. ch. 110, ¶ 2–209) and under "doing business" standards. *Club Assistance Program, Inc. v. Zukerman*, 594 F.Supp. 341

---

1. Consulting Engineering is both incorporated and has its principal place of business in Nebraska.

2. Defendants filed their motion and supporting memorandum September 26, so that Continental Bank's answering memorandum was due October 9 under this District Court's General Rule 13(a). Though that memorandum was not timely filed, this opinion has of course not treated the motion as unopposed. But the issue is so clear further briefing was scarcely called for.

3. For current purposes the Complaint's allegations are assumed true (though of course no findings of fact are made to that effect). Factual statements in the text as to defendants' lack of relationship with Illinois are based on Eskander's affidavits submitted with defendants' motion.

4. That Count I allegation alone would appear flawed, ignoring as it does the corporate existence of Consulting Engineering in order to seek recovery against Eskander individually as well. Because (consistently with the next sentence of the text) Continental Bank also sues both defendants in conversion under Count II, and given the procedural deficiency discussed in the next section of this opinion, this Court need not deal with any such possible pleading deficiencies.

5. Illinois principles of acquiring jurisdiction apply to this Court under Rule 4(e).

(1984). Though this opinion will not repeat that extended analysis, suffice it to say the wide range of cases in this area of law may best be reconciled in terms of what may be loosely described as whether and in what way defendants intended to affect Illinois interests by their out-of-Illinois conduct.[6]

One of the linchpins in that analysis is *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981), which also announced the Illinois Supreme Court's partial declaration of independence from the full reach of federal constitutional doctrine. *Green* taught mere economic impact on an Illinois party, occasioned by a defendant's totally out-of-Illinois conduct, was not enough to subject the defendant to suit in Illinois (*id.* at 438, 56 Ill.Dec. at 661, 427 N.E.2d at 1207, adapted to the facts of this case):

> But the consequences upon which [Continental Bank] rel[ies] are too remote from the misconduct of [defendants] to support the conclusion that the tortious acts complained of were committed in Illinois. The situs of the last event whose happening was necessary to hold [defendants] liable was in [Nebraska]. It was there that .... the misappropriation and conversion of the [Continental Bank's funds] occurred.... The tortious acts, if any, and the losses or injury were complete when they occurred in [Nebraska]. That, therefore, was the place of the wrongs; their commission cannot reasonably or justifiably be transferred to Illinois by the rationale that their consequences reduced the amount of corporate assets in this State.

That language obviously might have been written for this case. Defendants have not submitted to the jurisdiction of Illinois courts (or therefore to the jurisdiction of this federal court sitting in Illinois) for long-arm purposes.[7] See *First Wisconsin National Bank v. Akin,* 403 F.Supp. 1244 (E.D.Wis.1975) (rejecting jurisdiction over guarantors of a bank loan where the only "contact" with the forum state was the bank's transmittal of funds from that state to the borrower in another state); *cf. Northern Trust Co. v. Randolph C. Dillon, Inc.,* 558 F.Supp. 1118, 1123 (N.D.Ill. 1983) (rejecting jurisdiction where defendants' only "contact" with Illinois was in sending lease payments from another state to plaintiff in this state). And defendants surely have not created the alternative "doing business" basis for jurisdiction, recognized in such cases as *Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 199–201, 57 Ill.Dec. 730, 734–35, 429 N.E.2d 847, 851–52 (1981). See, e.g., *Froning & Deppe, Inc. v. Continental Illinois National Bank & Trust Co.,* 695 F.2d 289, 291–93 (7th Cir.1982).

### Conclusion

No predicate exists for the acquisition of personal jurisdiction over either defendant. It is therefore inappropriate simply to quash service of process. Instead this action is dismissed, without prejudice to its reassertion in a jurisdiction where defendants are amenable to suit.

---

6. That is of course just a shorthand phrase to summarize a legal concept of greater complexity (see the entire discussion in *Club Assistance* ).

7. This case thus poses a very different problem from the one the Supreme Court has just last week agreed to consider in *Burger King Corp. v. Rudzewicz,* further consideration of jurisdiction on appeal postponed to hearing on the merits, —— U.S. ——, 105 S.Ct. 77, 83 L.Ed.2d 25 (1984). That case involves a Florida long-arm statute that extends jurisdiction to persons whose breaches of contract consisted of "failing to perform acts required by the contract to be performed in this state." At the Court of Appeals level (724 F.2d 1505 (11th Cir.1984)) the statute was held invalid to the extent it would cover defendants' simple obligation to remit payments to Florida. By contrast, *Green* instructs us that the Illinois long-arm statute does not reach so far.