Quentin YOUNG, individually, and on behalf of those similarly situated, Plaintiff-Appellant,

v.

COLGATE–PALMOLIVE COMPANY, a foreign corporation, and Keith Crane, Reuben Mark, Vernon R. Alden, Albert V. Casey, Frank Pace, Jr., Thomas R. Wilcox, Howard W. Blauvelt, John P. Kendall, and Howard B. Wentz, Jr., respectively as Directors of Colgate-Palmolive Company, Defendants-Appellees.

No. 85–1442.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 22, 1985.

Decided May 2, 1986.

Marshall Patner, Orlikoff, Flamm & Patner, Chicago, Ill., Frederic Brace, Brace & O'Donnell, Chicago, Ill., Robert A. Holstein, Holstein, Mack & Associates, Chicago, Ill., for plaintiff-appellant.

George A. Katz, William C. Sterling, Jr., Warren R. Stern, Wachtell, Lipton, Rosen & Katz, New York City, Bernard J. Nussbaum, Jay I. Bratt, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Plaintiff shareholder filed this derivative action against the Colgate-Palmolive Company as the nominal defendant, and against the members of Colgate's board of directors. The complaint alleges that the directors breached their fiduciary duty to the corporation by adopting a "poison pill," or anti-takeover plan. On behalf of Colgate, plaintiff seeks a declaratory judgment that the plan and its adoption are invalid and unlawful; a temporary and permanent injunction against the plan's application; costs; and attorneys' fees. The corporation has been properly served and Chicago counsel for the directors accepted service for them as a professional courtesy as if each had been served out of state and without waiving any jurisdictional objections.

■ Jurisdiction is properly based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is an Illinois resident; Colgate is a Delaware corporation that is qualified to do business in Illinois, with its principal place of business in New York; the directors are variously residents of Connecticut, New York, Massachusetts, Texas and Vermont. For the purpose of subject matter jurisdiction, Colgate is properly treated as a defendant. The actual controversy or real collision of interests is between the shareholders, in the right of the corporation, and the directors, in control of the corporation. "The cause of action, to be sure, is that of the corporation. But the corporation has become through its managers hostile and antagonistic to the enforcement of the claim.... [This is] resolved by the pleadings and the nature of the dispute." *Smith v. Sperling*, 354 U.S. 91, 97, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205 (1957); *see also Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir.1983) (corporation remains a de-

fendant where management malfeasance alleged); *Schmidt v. Esquire, Inc.*, 210 F.2d 908, 912 (7th Cir.1954). Neither party addresses the question of which state's law governs the plaintiff's standing to bring this action or the substantive duties of the directors. "In general, the law of the state of incorporation is held to govern the liabilities of officers or directors to the corporation and its stockholders. *See* RESTATEMENT [ (SECOND) OF CONFLICT OF LAWS] § 309." *Shaffer v. Heitner*, 433 U.S. 186, 215 n. 44, 97 S.Ct. 2569, 2585 n. 44, 53 L.Ed.2d 683 (1977). As disposition of the case does not turn on the choice of law, we do not address it.

The directors moved to dismiss, arguing that they were not subject to personal jurisdiction in Illinois and that the suit could not proceed in their absence. The district court agreed that *in personam* jurisdiction was lacking, and as plaintiff appeared to take the position before the district court that the directors were indispensable, dismissed the suit without prejudice.

Rather than amending his complaint to allege a cause of action against the corporation alone, or filing in an appropriate forum, plaintiff appeals. For the reasons set forth below, we will AFFIRM.

## I

■ A federal district court has personal jurisdiction over a party in a diversity suit only if a court of the state in which it sits would have such jurisdiction. *Snyder v. Smith*, 736 F.2d 409, 415 (7th Cir.1984). A nonresident individual may be sued in Illinois if he or she performs one of the acts enumerated in the Illinois long-arm statute,[1] so long as the "minimum contacts" required by due process are present. *Deluxe Ice Cream v. R.C.H. Tool Corp.*,

726 F.2d 1209, 1212 (7th Cir.1984). *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). As the Illinois Supreme Court has made clear, long-arm jurisdiction may not be exercised in every situation due process would permit. The court should first determine whether the alleged jurisdictional facts fall within the ambit of the long-arm statute; if they do not, it is unnecessary to reach the due process question. *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203, 1206 (1981); *Deluxe Ice Cream*, 726 F.2d at 1214.

■ Plaintiff first argues that the defendants are subject to the jurisdiction of the district court based on their transaction of business within Illinois under § 2–209(a)(1). He points to the contacts of the directors with the corporation, which is present in Illinois by virtue of doing business here, and unspecified directors' mailings to shareholders in Illinois, in arguing that an allegation of injury to the corporation in Illinois is jurisdictionally adequate.

However, as cases from this circuit and Illinois made plain, § 2–209(a)(1) will not support jurisdiction in this case. First, the individual board members cannot be said to have transacted business within Illinois merely because the corporation is qualified to do business here. *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.*, 66 Ill.App.3d 789, 23 Ill.Dec. 352, 358, 383 N.E.2d 1379, 1385 (1st Dist.1978), rejected just such an approach: "[t]he plaintiff ... has apparently assumed that if jurisdiction is found as to the [corporation] ... it must automatically follow that jurisdiction exists as to the claim against [the president]. But this is not so.... Any transaction of business with Illinois resi-

---

**1.** The Illinois long-arm statute provides in relevant part:

§ 2–209. Act submitting to jurisdiction—Process.

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such persons, and, if an individual, his or her personal

representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The commission of a tortious act within this state;

\* \* \* \* \* \*

Ill.Rev.Stat., chapter 110.

dents was by the corporation and not by the employee individually." *See also Hurletron Whittier, Inc. v. Barda,* 82 Ill. App.3d 443, 37 Ill.Dec. 838, 841, 402 N.E.2d 840, 843 (1st Dist.1980) ("Personal jurisdiction must be established by the acts of the [individual] defendant"); *Knorr Brake Corp. v. Harbil, Inc.,* 550 F.Supp. 476, 479 (N.D.Ill.1982) ("Jurisdiction over a corporation simply does not translate into jurisdiction over those with whom it may have common interests."); *Club Assistance Program, Inc. v. Zukerman,* 594 F.Supp. 341, 345 (N.D.Ill.1984) ("Under Illinois law defendants cannot be haled into court in Illinois on the basis of acts committed here solely as fiduciaries of their corporation.").

■ Nor do mailings to shareholders support the exercise of individual jurisdiction. They simply are not the type of purposeful contacts recognized as the transaction of business under § 2–209(a)(1). *Cf. Snyder v. Smith,* 736 F.2d at 415; *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176–77 (7th Cir.1971). Moreover, plaintiff's claim for breach of fiduciary duties does not arise from them. While the term "arising from" is liberally construed by Illinois courts, the contacts must still have some relation to the cause of action; "[t]he minimum relationship required is that the plaintiff's suit be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the Illinois courts." *Huffman v. Inland Oil & Transport Co.,* 98 Ill.App.3d 1010, 54 Ill.Dec. 306, 311, 424 N.E.2d 1209, 1214 (5th Dist.1981); *cf. Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 57 Ill.Dec. 730, 733–34, 429 N.E.2d 847, 850–51 (1981).

Appellant also seems to argue that jurisdiction over the directors may be exercised

pursuant to § 2–209(a)(2), the commission of a tortious act within the state.[2] This position is also without merit because plaintiff has failed to make a *prima facie* case that the directors have committed a tort in Illinois.

■ "[T]he place of a wrong is where the last event takes place which is necessary to render the actor liable." *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 56 Ill.Dec. 657, 661, 427 N.E.2d 1203, 1207 (1981); *People of the State of Illinois v. City of Milwaukee,* 599 F.2d 151, 156 (7th Cir.1979). This "last act" doctrine, first articulated in *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 434, 176 N.E.2d 761 (1961), was developed in the products liability context, where a physical injury to the plaintiff is necessary to establish a *prima facie* case. *See Wimmer v. Koenigseder,* 108 Ill.2d 435, 92 Ill.Dec. 233, 237–38, 484 N.E.2d 1088, 1092–93 (1985); *Green,* 56 Ill.Dec. at 661, 427 N.E.2d at 1207 ("The last event in *Gray* was in Illinois, where the injury to the plaintiff occurred, for to be tortious the act alleged in *Gray* had to cause injury"). In contrast, a claim for breach of fiduciary duty is sufficient if it alleges the fiduciary relationship and its breach, as these two elements alone would establish liability. *Cf.* RESTATEMENT (SECOND) OF TORTS § 874 and comment b.

■ Thus, the situs of the tort alleged here is New York, where the plan was adopted. That shareholders may have been injured by some effect on their interest in the corporation does not mean that the tort was committed wherever they reside. *Green,* 56 Ill.Dec. at 660–61, 427 N.E.2d at 1206–07 (to hold otherwise would "open[ ] the gates of long-arm jurisdiction

**2.** Defendants contend that plaintiff may not now rely on § 2–209(a)(2) because he failed to so argue below. While the tortious act provision was not mentioned in his Memorandum in Opposition to the Motion to Dismiss nor during the hearing on the motion, plaintiff heavily relied (as he does before this court) on *Lawson v. Baltimore Paint and Chemical Co.,* 298 F.Supp. 373 (D.Md.1969), which construed one of the Maryland longarm statute's tortious act provi-

sions. In light of plaintiff's ambiguous Memorandum, we will address his argument. Although appellant's brief before this court describes the basis for jurisdiction as the "commission of a tort from *without* the state," he cites § 2–209(a)(2) and relies upon *Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137 (7th Cir. 1975) and *Graco, Inc. v. Kremlin, Inc.,* 558 F.Supp. 188 (N.D.Ill.1982), which construe § 2–209(a)(2).

to every Illinois resident who incurs loss as the result of the fraud of a non-resident.... To permit no-holds barred jurisdiction of that type, even if contemplated by a State statute, would not pass muster under the due process requirements."); *Mergenthaler v. Storch Enterprises*, 23 Ill. Dec. at 357, 383 N.E.2d at 1384 (injury to the corporate plaintiff "is only to its pocketbook ... [which] is located in ... its major place of business"); *see also Sawant v. Allied*, 130 Ill.App.3d 71, 85 Ill.Dec. 128, 132, 473 N.E.2d 496, 500 (1984) ("the ultimate economic loss [from refusal to pay insurance claims] is too attenuated a contact to justify jurisdiction"); *Club Assistance Program*, 594 F.Supp. at 350 ("defendants cannot be considered to have committed a tortious act in Illinois simply because they have breached duties to an Illinois [plaintiff]"); *Knorr Brake*, 550 F.Supp. at 1479 ("an injurious *consequence* in Illinois does not meet the test of tortious *act* in Illinois") (emphasis in the original).[3]

■ In light of his inability to assert jurisdiction under the Illinois long-arm statute, plaintiff proposes a non-statutory "impact theory" of jurisdiction.[4] In sum, his position appears to be that jurisdiction may be predicated on the basis of the impact on the corporation in Illinois of the directors' out of state acts; directors should expect to affect the corporation wherever it is found, and therefore may be sued wherever the impact of their conduct is felt.

Appellant's approach finds no support under Illinois law. *Green* rejects precisely the theory that out-of-state conduct which has bad consequences in Illinois is jurisdictionally sufficient. 56 Ill.Dec. at 661–62, 427 N.E.2d at 1207–08. *See Continental Illinois National Bank v. Consulting Engineering Group*, 594 F.Supp. 1500, 1502 (N.D.Ill.1984) ("*Green* taught mere eco-nomic impact on an Illinois party, occasioned by a defendant's totally out-of-Illinois conduct, was not enough to subject the defendant to suit in Illinois").

■ Moreover, appellant's impact theory does not satisfy the requirements of due process. As the Supreme Court has recently emphasized, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Due process is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The central concern is "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

Although it has been argued that forseeability of causing *injury* in another state should be sufficient to establish such contacts there ... the Court has consistently held that this kind of forseeability is not a "sufficient benchmark" for exercising personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. [286] at 295, 100 S.Ct. [559] at 566 [62 L.Ed.2d 490]. Instead, "the forseeability that is critical to due process analyses ... is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. at 567.

*Burger King*, 105 S.Ct. at 2183 (emphasis in the original).

---

**3.** Appellant's reliance on *Lawson v. Baltimore Paint & Chemical Corp.*, 298 F.Supp. 373 (D.Md. 1969), is inappropriate. The basis for jurisdiction over the directors was the Maryland long-arm statute, which provides for "tortious injury in this State by an act or omission outside the State if [the defendant] regularly does or solicits business ... or derives substantial revenue from ... services used ... in the State." Illinois has no such provision.

**4.** That plaintiff's theory is non-statutory is not entirely clear. However, we will treat his position as non-statutory, because if it is premised on § 2–209(a)(1) or (a)(2), we have already discussed our rejection of jurisdiction on those bases.

Nor is the unilateral activity of another party or third person sufficient. *Id.; Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1239. This ensures that the defendants will not be haled into a jurisdiction on the basis of "random," "fortuitous," or "attenuated" contacts. *Burger King*, 105 S.Ct. at 2183; *World-Wide Volkswagen*, 444 U.S. at 299, 100 S.Ct. at 568. Individuals must have "fair warning" that they may be subject to jurisdiction within a state; the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where what will and will not render them liable to suit." *World-Wide Volkswagen, id.* at 297, 100 S.Ct. at 567.

Within this framework, it is clear that mere adverse effects on a corporation which is present within a state are not enough. An impact analysis would impermissibly shift the focus of the jurisdictional inquiry from the purposeful activities of the defendant within the forum to the random or fortuitous presence or residence of the plaintiff, thus failing to provide the "fair warning" that is constitutionally mandated. Due process does not allow the directors of a national corporation to be sued by its shareholders anywhere the corporation happens to be present. *Shaffer*, 433 U.S. at 203, 97 S.Ct. at 2579 (no jurisdiction over directors of Delaware corporation in Delaware solely on basis of corporation's contacts with Delaware).

## II

▇ We also reject appellant's argument that a derivative action may proceed in the absence of any defendant director if only injunctive and declaratory relief are sought.[5]

Plaintiff has insisted that he seeks to pursue this suit solely as a derivative action.[6] As such, it must be dismissed. In *Edwards v. Bay State Gas Co. of Delaware*, 91 F. 942, 942–43 (Cir.Ct.D.Del. 1898), a derivative action in which the corporation was the only defendant was dismissed because

> the subjects of the complaint are not wrongs committed by the corporation, but frauds or breaches of duty perpetrated against it by its officers; yet none [have been joined], and the anomaly seems to be presented of a suit in which there is no substantial defendant.... If the complainants really desire to hold the corporation to any liability which pertains solely to it, they should confine their complaint to the matters out of which such liability arises. They cannot make it a substantial plaintiff, and also the actual and only defendant in one and the same suit. A bill exposing such a solecism would be not merely multifarious, it would be paradoxical.

*See also* 13 Fletcher Cyclopedia Corporation § 5996, at 272 (1984 rev. ed.) ("[I]f an action is brought by a stockholder on behalf of himself and the other stockholders, [corporate officers] must be made parties defendant, so that they may have an opportunity to defend, and so that redress or relief may be given against them."); *Castner v. First National Bank of Anchorage*, 278 F.2d 376, 384 (9th Cir.1960) ("[D]irectors are of course indispensable where they themselves are charged with fraudulent or improper conduct."); *Miller v. American Telephone & Telegraph Co.*, 394 F.Supp. 58, 65 (E.D.Pa.1975) ("although ... any corporation involved in a stockholders' derivative suit, is properly made a nominal defendant, it must realistically be considered to be the complainant in the action. Thus, where none of the directors of the corporation have been made parties defend-

---

**5.** Plaintiff's Memorandum in Opposition to the Motion to Dismiss and colloquy between counsel and the court during the hearing on the motion strongly suggest that plaintiff waived the argument that the directors are not indispens-

able. However, as the defendants have not argued waiver, we will discuss the merits.

**6.** In a letter to this court after oral argument, counsel for appellant reiterated this position.

ants, a stockholders' derivative action must be dismissed for lack of a substantial defendant."); *David v. Front Range Mines, Inc.*, 242 F.Supp. 591, 597 ("Directors are not indispensable parties ... unless they themselves are wrongdoers."); *Isaac v. Milton Mfg. Co.*, 33 F.Supp. 732, 738 (M.D. Pa.1940) ("None of the parties charged with wrongdoing have been joined, [and] the corporation is in fact the substantial plaintiff.... This total absence of a substantial defendant would compel a court of equity to dismiss the complaint."); *Harden v. Eastern States Public Service Co.*, 14 Del.Ch. 156, 122 A. 705, 707 (1923) ("In cases of fraud, ultra vires acts or acts of negligence on the part of those charged with the duty of managing the affairs of the corporation, the offending officers and not the aggrieved corporation are the proper parties.").

The cases concerning shareholder actions for dividends upon which appellant relies, in fact, support dismissal of this suit. *Kroese v. General Castings Corp.*, 179 F.2d 760 (3d Cir.1950), held it unnecessary to join a majority of the board of directors (three out of twelve were amenable to service of process) in a *direct* action by a shareholder against the corporation and directors to compel payment of a dividend. The court reasoned that the payment of a dividend is based upon an accrued right of the shareholder against the corporation, and does not involve the discretion of the directors; formal board action is simply ministerial. "The situation becomes in substance the same as that in which any corporate creditor sues the enterprise in the corporate name to recover from it what it owes him; he does not need any meeting of the corporation's board to make his judgment good." *Id.* at 764. Moreover, an adequate remedy was possible because of the presence of the corporate defendant, and no forum was available where all of the directors could be joined. *Accord, Levin v. Mississippi River Corp.*, 289 F.Supp. 353 (S.D.N.Y.1968); *see also Doherty v. Mutual Warehouse Co.*, 245 F.2d 609, 612 (5th Cir.1957) ("A stockholder suing to compel the corporation to declare a dividend is enforcing a right common to himself and the other stockholders against the corporation, rather than a derivative right."); *Knapp v. Bankers Securities Corp.*, 230 F.2d 717, 721 (3d Cir.1956) ("If the directors have wrongfully withheld the declaration of dividends the shareholder is the injured party. He shows an injury to himself which is quite apart from any which the corporation might be thought to suffer.").

Nor does the holding in *Duman v. Crown·Zellerbach Corp.*, 107 F.R.D. 761 (N.D.Ill.1985), support reversal of the district court's order. The court there characterized the suit as one by the shareholders against the corporation, and recognized that allegations of wrongdoing by the directors would present a different situation. Moreover, an injunction could be issued against the substantial corporate defendant, and no forum was available in which all directors could be joined.

The nature of the remedy sought does not cure the lack of a substantial defendant. To be effective, an injunction would have to run against the directors in their individual capacities to prevent them from adopting the challenged or a similar plan in the future, yet they would not be subject to the court's jurisdiction. That a decree would bind the corporation's agents is no help, because the directors are not acting as agents in their management of the corporation, but as fiduciaries, and it is their fiduciary decisions that form the basis of the complaint.

Finally, although appellant claims that no other forum is available, the district court correctly concluded that New York and Delaware courts would have personal jurisdiction over the directors. *See* N.Y. CIV.PRAC.LAW § 302(a)(2) (McKinney 1985); *Kossoff v. Samsung Co. Ltd.*, 123 Misc.2d 177, 474 N.Y.S.2d 180 (1984); *Merkel Associates, Inc. v. Bellofram Corp.*, 437 F.Supp. 612 (S.D.N.Y.1977); *Arbitron Co. v. E.W. Scripps, Inc.*, 559 F.Supp. 400 (S.D. N.Y.1983); DEL.CODE tit. 10 § 3114 (1975).

Plaintiff has insisted that his is a derivative action, and we have dealt with it as such. Neither the district court nor we have reached the question whether plaintiff could bring a direct action against the corporation on the basis of the facts alleged.

Accordingly, the order of the district court is AFFIRMED.