**William D. PALMER, Plaintiff,**

v.

**KAWAGUCHI IRON WORKS, LTD., and Kawaguchi Iron Works, Defendants.**

**No. 85 C 10363.**

United States District Court, N.D. Illinois, E.D.

Sept. 26, 1986.

David C. Harrison, Philadelphia, Pa., Robert S. Atkins, Robert F. Williams, Robert S. Atkins & Associates, Chicago, Ill., for plaintiff.

William D. Serritella, David C. Bohrer, Ross & Hardies, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

A Japanese corporation employs a service representative for the United States who happens to reside in Illinois. This case presents the question of whether that corporation is subject to the personal jurisdiction of an Illinois court for a products liability personal injury suit which has no connection with Illinois. This court concludes that, at least on the facts presented here, it lacks jurisdiction.

### Facts

Plaintiff lives in Philadelphia, Pennsylvania and works at Almar Precision Co., Inc. ("Almar") of Philadelphia. Almar allegedly purchased a plastic injection molding machine from defendant Kawaguchi Iron Works, Ltd. ("Kawaguchi") sometime in the late 1960s. Taking the allegations in plaintiff's complaint as true, in December 1983 plaintiff was operating the machine when its stamping mechanism jammed. When plaintiff attempted to clear the mechanism by hand, a safety device malfunctioned. The machine began to operate and plaintiff lost three fingers to it.

Plaintiff originally brought a products liability suit against Kawaguchi in the state courts of Pennsylvania. Kawaguchi removed to the United States District Court for the Eastern District of Pennsylvania and then moved to dismiss for lack of personal jurisdiction and for defects in service. Plaintiff's counsel admits that he then filed the instant suit in this court to keep an action alive in case the court in Pennsylvania ruled against him. He appears to have chosen Illinois for two reasons: first, according to plaintiff, Almar's purchase of the machine years ago either came through or was in some other way associated with a "Kawaguchi Iron Works, 4300 United Parkway, Schiller Park, Illinois." Hence "Kawaguchi Iron Works" appears as a separate defendant in plaintiff's complaint. However, he admits that no such entity now exists at that address, nor can it be traced. Second, Kawaguchi admitted in a memorandum to the district court in Pennsylvania that it has one employee who resides in Illinois. Plaintiff did not attempt to effect service on Kawaguchi through that employee, and his name and address are unknown to this court.

Kawaguchi moves to dismiss for lack of personal jurisdiction.[1] In an affidavit, one Hiroshi Onuma, assistant manager of the general affairs department of Kawaguchi, states that the duties of that Illinois employee are solely to give technical advice to local persons who service Kawaguchi machines and to make occasional service calls himself. Onuma denies the existence of any entity called Kawaguchi Iron Works in Illinois. He maintains that Kawaguchi has its principal place of business in Japan; it sells all its products to a Japanese trading association, which in turn sells and ships any Kawaguchi products which would reach the United States. He further testifies that Kawaguchi has no office in, owns no real estate in and is not qualified to do business in Illinois. Another affidavit shows that defendant is not registered as a foreign corporation in Illinois and has designated no agent for service of process here.

### Discussion

█ In this diversity action, this court has personal jurisdiction over Kawaguchi only if an Illinois court would have jurisdiction. *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569 (7th Cir.1986). A jurisdiction-

---

1. Kawaguchi also argues that service of process upon it was improper because the summons and complaint arrived by mail in Japan written in English. It contends that a Japanese translation was required to give it sufficient notice. Our holding on the jurisdictional question makes it unnecessary to reach this issue.

al inquiry typically consists of two questions: whether the assertion of jurisdiction has a basis in the laws of Illinois, and if so, whether the assertion of jurisdiction also meets the standards of fairness imposed by due process. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212–1213 (7th Cir.1984). These questions are not identical because Illinois does not necessarily exercise its jurisdiction to the full extent allowed by due process. *Young*, 790 F.2d at 569; *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 427 N.E.2d 1203, 56 Ill.Dec. 657 (1981). *But see Capital Associates Development Corp. v. James E. Roberts-Ohbayashi Corp.*, 138 Ill.App.3d 1031, 487 N.E.2d 7, 93 Ill.Dec. 563 (1st Dist.1985).

■ In the instant case, however, the inquiries are similar enough that they can be discussed concurrently. Due process requires us to examine "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). The Supreme Court has recently directed attention to the difference between "specific jurisdiction," jurisdiction when the suit arises out of or is related to the same conduct of the defendant which created the contacts with the forum state on which jurisdiction is claimed, and "general jurisdiction," jurisdiction asserted even when there is no connection between the suit and the jurisdictional contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 15, 105 S.Ct. 2174, 2182 n. 15, 85 L.Ed.2d 528 (1985). Due process requires a higher threshold of contacts for the assertion of general jurisdiction than for specific. *Compare Burger King* (specific) *with Helicopteres Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (general).

For example, in *Burger King* the Supreme Court held that Florida could properly assert jurisdiction over an individual defendant who had never personally visited the state. He had, however, negotiated a contract with a Florida corporation which incorporated Florida law, contemplated sending payments on the contract into Florida, and involved a continuing commercial relationship supervised from Florida. 471 U.S. at 479–81, 105 S.Ct. at 2186–2187. In *Helicopteres*, 466 U.S. 408, 104 S.Ct. 1868, Texas could not assert jurisdiction over a defendant corporation which had sent its chief executive officer to Houston to negotiate a contract, purchased $4 million worth of helicopters and parts from a Texas firm, and sent pilots, managers and maintenance personnel to be trained there. The different results are explained by the differences between specific and general jurisdiction. *Burger King* was an exercise of specific jurisdiction under Florida's long-arm statute. The suit was for a breach of the very contract which had given rise to the jurisdictional contacts. 471 U.S. at 472, 480, 105 S.Ct. at 2182, 2186. *Helicopteres*, on the other hand, was a wrongful death action by Texas residents on the death of their decedents in a helicopter accident in Peru. The suit did not arise out of conduct directed toward the negotiation and performance of a contract in Texas, but rather out of alleged negligence in Peru. The defendant's contacts with Texas, though arguably greater than those of the *Burger King* defendant with Florida, did not suffice for general jurisdiction. *Helicopteres*, 466 U.S. at 410–411, 416–417, 104 S.Ct. at 1870, 1873.

The same concern runs through Illinois law. A non-resident corporation may be sued in Illinois if it does one of the acts specified in the Illinois long-arm statute or if it is "doing business" in Illinois. *Deluxe Ice Cream*, 726 F.2d at 1212. Jurisdiction under the long-arm statute is a species of specific jurisdiction, since by the language of the statute itself the cause of action must arise from the jurisdictional contacts. Ill.Rev.Stat. ch. 110, ¶ 2–209(c). A single act or transaction may be enough for long-arm jurisdiction in appropriate circumstances. *See, e.g., Hyatt International Corp. v. Inversiones Los Jabillos, C.A.*, 558 F.Supp. 932, 935 (N.D.Ill.1982); *Capital*, 138 Ill. App.3d at 1037–1038, 487 N.E.2d at 12, 93 Ill.Dec. at 568 (contact with Illinois stemmed from particular business transac-

tion in dispute). The "doing business" doctrine, on the other hand, is a variety of general jurisdiction. It exists separately from long-arm jurisdiction and may apply when the action does not arise out of the jurisdictional contacts. However, it requires a greater volume and regularity of contacts than long-arm jurisdiction. *See Neiman v. Rudolf Wolff & Co.,* 619 F.2d 1189, 1193 (7th Cir.), *cert. denied,* 449 U.S. 920, 101 S.Ct. 319, 66 L.Ed.2d 148 (1980); *Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 429 N.E.2d 847, 57 Ill.Dec. 730 (1981).

█ If this court has jurisdiction over Kawaguchi, it would have to be general jurisdiction by virtue of the "doing business" doctrine. Plaintiff claims that we have jurisdiction because Kawaguchi has an employee in Illinois. But the suit does not arise out of the same conduct which plaintiff asserts as a basis for jurisdiction. If Kawaguchi is liable for plaintiff's injuries, it would appear to be on the basis of its conduct in manufacturing the machine in Japan or causing injury in Pennsylvania, not on the basis of the conduct of its service representative in Illinois. Therefore we lack jurisdiction under the Illinois long-arm statute.

█ Plaintiff nevertheless argues that the ongoing presence of that single employee means that Kawaguchi is "doing business" in Illinois. But jurisdiction over an agent or an employee of a corporation is not necessarily jurisdiction over the corporation itself. *See, e.g., Amusement Equipment, Inc. v. Mordelt,* 779 F.2d 264 (5th Cir.1985) (service on corporate officer while temporarily in state did not confer jurisdiction over the corporation). A plaintiff has the burden of making out a prima facie case for personal jurisdiction. *Neiman,* 619 F.2d at 1190. On the record before us, the sum total of Kawaguchi's contact with Illinois is the presence of one service representative here. This court does not think that that one contact is sufficient to confer general jurisdiction over Kawaguchi on the Illinois courts.

The Illinois Supreme Court in *Cook* emphasized two factors in particular for a finding of general jurisdiction under the "doing business" doctrine. One is the degree of permanence and continuity of the defendant's activities. 87 Ill.2d at 203, 429 N.E.2d at 853, 57 Ill.Dec. at 736. That factor seems to be satisfied by the employee's ongoing presence here. The other, however, is the character and the extent of the activities. 87 Ill.2d at 201, 429 N.E.2d at 852, 57 Ill.Dec. at 735. The "doing business doctrine" requires a finding from the corporation's conduct that the corporation has submitted itself generally to the jurisdiction of the state even for matters not arising out of its activities there. That finding ordinarily requires evidence of more than one type of activity by the corporation. Mere solicitation of sales, for example, does not suffice, nor does the presence of a representative who also represents other manufacturers. *Id.*

While there appears to be no Illinois case squarely on point, other jurisdictions have held that the mere presence of a single representative of a corporation who is limited to one type of activity does not ordinarily confer jurisdiction over the corporation as to matters unrelated to those activities. *See, e.g., Aanestad v. Beech Aircraft Corp.,* 521 F.2d 1298, 1301 (9th Cir.1974) (two wholly-owned subsidiary corporations); *Bernardi Bros., Inc. v. Pride Manufacturing, Inc.,* 427 F.2d 297, 300 (3rd Cir.1970) (exclusive manufacturer's representative); *Del Monte Corp. v. Everett Steamship Corp.,* 402 F.Supp. 237, 242 (N.D.Cal.1973) (corporate officer and telephone directory listing). We think that the presence of a service representative, standing alone, similarly cannot confer general jurisdiction. *Cf. Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 212 (2d Cir.1970) ("paying persons to perform essentially mechanical tasks for it" held not doing business). The scope of the representative's activities is not so wide that one may infer that the corporation itself has submitted generally to the jurisdiction of Illinois.

■ Plaintiff urges that we nevertheless defer our decision until discovery is completed in the Pennsylvania action. He offers the hope that discovery will reveal more activities of Kawaguchi in Illinois. But the threshold of contacts required to establish general jurisdiction over Kawaguchi here would be, if anything, higher than usual because of an additional jurisdictional concern. This suit simply has no ties with Illinois. Both as a matter of due process, *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), and of Illinois law, *see Green*, 86 Ill.2d at 438–439, 427 N.E.2d at 1207, 56 Ill.Dec. at 661, a jurisdictional inquiry should weigh the forum state's interest in the litigation. If in fact the action has no relationship to the forum state, then a greater presence by the defendant is required before the fairness notions of due process are satisfied. *Shaffer*, 433 U.S. at 213–216, 97 S.Ct. at 2584–2586. Thus, for example, in a suit over financial transactions tangentially involving an Illinois bank, the Seventh Circuit upheld the dismissal for lack of Illinois jurisdiction of a non-resident defendant despite some contact with that bank when all the conduct relating to liability took place outside of Illinois. *Froning & Deppe, Inc. v. Continental Illinois National Bank*, 695 F.2d 289 (7th Cir.1982). *See also Braasch v. Vail Associates, Inc.*, 370 F.Supp. 809 (N.D.Ill.1973) (reaching similar result in personal injury action).

A plaintiff, of course, need not be a resident of Illinois to sue here. As the Supreme Court recently made clear when upholding jurisdiction in a suit by a non-resident plaintiff, plaintiffs need not pass the same test of "minimum contacts" with the forum that applies to defendants. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779, 104 S.Ct. 1473, 1468, 79 L.Ed.2d 790 (1984). But in that defamation case, the plaintiff had at least suffered some of her injuries in the forum state. Moreover, those injuries arose from the activities on which jurisdiction was based, namely distribution in that state of the magazine which had defamed her. The court pointedly did

not say that the plaintiff's residence or place of injury were irrelevant to the question of jurisdiction. *Id.* at 780, 104 S.Ct. at 1469.

■ In the case at bar, the plaintiff does not reside in Illinois, the injury did not occur in Illinois, no conduct contributing to the injury occurred in Illinois, and defendant's contacts with Illinois are at best insubstantial. In such unusual situations, both federal and Illinois courts overwhelmingly have rejected jurisdiction. *See, e.g., Froning & Deppe*, 695 F.2d at 294–295; *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984); *Seymour v. Parke, Davis & Co.*, 423 F.2d 584 (1st Cir.1970); *Green*, 86 Ill.2d at 438–439, 427 N.E.2d at 1207, 56 Ill.Dec. at 661. This court sees no likelihood that plaintiff here could discover the quantity and quality of contacts by defendant with Illinois that he needs for a suit grounded on an injury in Pennsylvania. We also have no reason to believe that Pennsylvania's long-arm statute cannot reach Kawaguchi. Pennsylvania is a much more appropriate forum. *Cf. Odom v. Thomas*, 338 F.Supp. 877 (S.D.Tex.1971) (declining jurisdiction in favor of place of injury despite plaintiff's residence in and some contacts of defendant with forum). This suit simply does not belong here.

### Conclusion

Defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction is granted.