THIRD DIVISION

May 11, 2005

No. 1-04-2131

WEST VIRGINIA LABORERS PENSION TRUST FUND, Individually and on Behalf of All Others Similarly Situated, 

Plaintiff-Appellant,

v.

FINN M.W. CASPERSEN, DAVID J. FARRIS, JAMES H. GILLIAM, JR., ANDREW C. HALVORSEN, ROBERT J. CALLANDER, ROBERT C. CLARK, LEONARD S. COLEMAN, JR., ROLAND A. HERNANDEZ, J. ROBERT HILLIER, GERALD L. HOLM, THOMAS H. KEAN, STEVEN MULLER, SUSAN JULIA ROSS, ROBERT A. TUCKER and SUSAN M. WATCHER,

 

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

))))))))

)

Appeal from the

Circuit Court of

Cook County, Illinois County Department Chancery Division 

Honorable

Patrick E. McGann, Judge Presiding.

JUSTICE KARNEZIS delivered the opinion of the court: 

Plaintiff, West Virginia Laborers Pension Trust Fund, appeals from an order of the circuit court granting the motion of defendants, Finn M.W. Caspersen, David J. Farris, James H. Gilliam, Jr., Andrew C. Halvorsen, Robert J. Callander, Robert C. Clark, Leonard S. Coleman, Jr., Roland A. Hernandez, J. Robert Hillier, Gerald L. Holm, Thomas H. Kean, Steven Muller, Susan Julia Ross, Robert A. Tucker and Susan M. Watcher,
 to dismiss this cause of action pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)) for lack of personal jurisdiction.  We affirm the circuit court's order.    

BACKGROUND

This is a class action suit brought on behalf of the former shareholders of Beneficial Corporation (Beneficial) against the former members of the board of directors of Beneficial to recover millions of dollars in damages suffered by Beneficial shareholders in connection with the merger of Beneficial and Household International, Inc. (Household), in July 1998. 

Plaintiff is a West Virginia benefit plan administrator and former Beneficial shareholder.  Defendants are former members of Beneficial's board of directors, none of whom resided in Illinois.  Prior to the merger, Beneficial was a Delaware corporation with its principal place of business in Delaware and was engaged in consumer finance and credit-related insurance businesses.  Household was a Delaware holding corporation with its principal place of business in Illinois and provided consumer loan products.       

In 1998, Beneficial and Household released a joint statement announcing that the boards of both corporations had unanimously approved a merger agreement.  The merged corporation would be headquartered in Illinois.  Defendants negotiated and finalized a merger of Beneficial and Household and sought approval from Beneficial's shareholders, some of whom resided in Illinois.  
Shareholders received a packet of "merger materials" that contained information about the merger, some of which plaintiff alleged in its complaint to be false or fraudulent.  Defendants recommended in the materials that Beneficial shareholders should vote in favor of the merger.  
In connection with the merger, defendants authorized their investment bankers, Goldman Sachs and Merrill Lynch, to determine whether the merger was fair from a financial standpoint to Beneficial shareholders.  Defendants neither traveled to Illinois to conduct a "due diligence" investigation of Household, nor did defendants have any oral or written communications with anyone in Illinois in connection with the due diligence investigation.  Several directors did travel to Illinois, but for the purpose of attending "social" dinners and to meet with the members of the Household board as well as to help explain the merger to Household's employees.

Shortly after the merger, it was discovered that Household had misstated its earnings and had engaged in illegal acts such as "predatory lending."  Litigation ensued and the value of Household's stock plummeted, which resulted in monetary losses for former shareholders of Beneficial who had exchanged their shares of stock in Beneficial for shares in Household.  This class action was brought on behalf of those former Beneficial shareholders.

Plaintiff filed its complaint against defendants in the circuit court of Cook County
 on June 27, 2003. Count I alleged that defendants breached their fiduciary duty of due care and loyalty owed to shareholders by failing to conduct a proper due diligence investigation into the financial condition of Household.  Count II alleged that defendants breached their duty of candor and full disclosure by failing to conduct a reasonable due diligence investigation in connection with the merger, which resulted in defendants' failure to disclose Household's true financial condition.   

Defendants filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to section 2-619.  The circuit court granted defendants' motion and plaintiff now appeals. 

ANALYSIS 

On appeal, plaintiff contends the circuit court erred in determining that defendants were not subject to personal jurisdiction in Illinois.  Plaintiff argues jurisdiction is proper pursuant to both the Illinois long-arm statute (735 ILCS 5/2-209 (West 2002)) as well as the "minimum contacts" required by due process.     

Plaintiff has the burden of establishing a 
prima facie 
basis upon which jurisdiction over the defendants can be exercised.  
International Business Machines Corp. v. Martin Property & Casualty Insurance Agency, Inc.
, 281 Ill. App. 3d 854, 857-58 (1996).
  When the trial court does not hold an evidentiary hearing on defendants' motion contesting the court's jurisdiction, our review is 
de novo
.  
International Business Machines
, 281 Ill. App. 3d at 858. 
 

Illinois' long-arm statute contains specific enumerated acts upon which jurisdiction over a defendant can be properly exercised.  Additionally, Illinois extended the scope of the statute pursuant to section 2-209(c), to allow  jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 ILCS 5/2-209(c) (West 2002).  Therefore, in order to establish personal jurisdiction in Illinois over defendants, plaintiff must make a 
prima facie
 showing that defendants' actions satisfied the "minimum contacts" required by the due process analysis.  For purposes of clarity, we address plaintiff's contentions in the order in which they are raised in plaintiff's brief, beginning with jurisdiction based on Illinois' long-arm statute.                

Illinois' Long-Arm Statute

Illinois' long-arm statute provides in relevant part: 

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

* * *

(2) The commission of a tortious act within this State;

* * * 

(7) The making or performance of any contract or promise substantially connected with this State;

* * * 

(11) The breach of any fiduciary duty within this State[.]"  735 ILCS 5/2-209 (West 2002).   

Section 2-209(a)(2) - Tortious Act

Plaintiff contends that defendants committed a tortious act within Illinois when they disseminated the merger materials, which included Household's false financial data, to Illinois stockholders.  Relying on 
FMC Corp. v. Varonos
, 892 F.2d 1308, 1313 (7th
 Cir. 1990), plaintiff argues that "mailings or telephone calls by a nonresident, when coupled with an intent to affect Illinois interests, are a sufficient basis for jurisdiction."  Plaintiff also relies on 
Janmark Inc. v. Reidy
, 132 F.3d 1200, 1202-03 (7th Cir. 1997), which held that jurisdiction is proper in the state where the victim of the tort resides.

Defendants maintain that they did not commit a tortious act in Illinois because the mailings were not the type of purposeful or targeted contacts with Illinois required under section 2-209(a)(2).  
Defendants argue that mailings can only confer jurisdiction if they were specifically targeted at and intended to affect an Illinois interest. 

We find the case of 
Young v. Colgate-Palmolive Company
, 790 F.2d 567 (7th Cir. 1986) instructive.  In 
Young
, the plaintiff shareholder, an Illinois resident, filed a derivative action against the defendant, a Delaware corporation, and its board of directors, none of whom were residents of Illinois.  The plaintiff alleged the directors breached their fiduciary duty to the corporation by adopting a "poison pill" or anti-takeover plan.  The directors filed a motion to dismiss for lack of personal jurisdiction, which the district court granted.  The court of appeals affirmed, finding that the plaintiff had failed to establish a 
prima facie 
case that the defendants had committed a tort in Illinois.  The court explained that because the anti-takeover plan had been adopted in New York, that is where the situs of the tort occurred, not in Illinois where the injured plaintiff shareholder resided.  The court stated, "[although] shareholders may have been injured by some effect on their interest in the corporation does not mean that the tort was committed wherever they reside."  
Young
, 790 F.2d at 570.  The court also clarified that an "injurious consequence" in Illinois was not the same as a tortious act in Illinois.

Additionally, where the injury is economic rather than physical or emotional, the plaintiff needs to show more than just that the "harm [was] felt" in Illinois.  
Real Colors, Inc. v. Patel
, 974 F. Supp. 645, 649 (N.D. Ill. 1997), quoting 
Turnock v. Cope
, 816 F.2d 332, 335 (7th Cir. 1997).  When there is an economic injury, the plaintiff must show "'an intent to affect an Illinois interest'."  
Real Colors
, 974 F. Supp. at 649, quoting 
Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.
, 906 F.2d 276, 282 (7th Cir. 1990).

Here, plaintiff's two-count complaint alleged that defendants failed to conduct a proper due diligence investigation into Household's finances.  Plaintiff argues that defendants committed a tortious act in Illinois by disseminating the merger materials, which contained fraudulent information, to an Illinois shareholder.  The court in 
Young
 held that the situs of the tort is not where the injured shareholder might reside; rather, it is where the board took action.  There is no indication that any of defendants' actions relating to the due diligence investigation occurred in Illinois.  The merger materials were not prepared in Illinois and defendants did not travel to Illinois as part of their investigation.  Although several defendants traveled to Illinois "in connection with the merger," their travel was not part of the due diligence investigation.  The defendants traveled to Illinois to attend social dinners and receptions and to meet with Household's board of directors.  Additionally, plaintiff has not shown that by sending out the merger materials, defendants intended to affect an Illinois interest.  Plaintiff cannot show anything other than that "the harm was felt in Illinois."  Therefore, we are unable to find that defendants committed a tortious act in Illinois.

Plaintiff relies on 
Janmark v. Reidy
, 132 F.3d 1200 (7th Cir. 1997).  In 
Janmark
, the plaintiff, a corporation based in Illinois, sued the defendant, a corporation based in California, for interference with prospective economic advantage.  The plaintiff alleged that the defendant's threat to the plaintiff's customer, who was located in New Jersey, had caused the customer to cancel their order, which resulted in a loss of business to the plaintiff.  The court of appeals held that personal jurisdiction over the defendant in Illinois was proper pursuant to section 2-209(a)(2) of Illinois' long-arm statute, because the alleged economic injury, which was the loss of business to the plaintiff, occurred where the plaintiff corporation was based.  Specifically, the court held, "the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor."  
Janmark
, 132 F.3d at 1202. 

We find plaintiff's reliance on 
Janmark
 misplaced.  The defendant in 
Janmark
 was found to have actually committed a tort in the state where the plaintiff was located.  Here, defendants' actions did not constitute a tortious act in Illinois; rather, they amounted to an "injurious consequence" in Illinois, which, following the decision in 
Young
, is insufficient to establish jurisdiction.

     
 Section 2-209(a)(7) - Made or Performed a Contract

Plaintiff contends 
that defendants made or performed a contract substantially connected with Illinois because the merger agreement involved a corporation headquartered in Illinois and the merged entity was also headquartered in Illinois.  Plaintiff also maintains that because some defendants traveled to Illinois to negotiate and finalize the agreement, their travel conferred jurisdiction over all defendants because each defendant was acting as each other's agent.  

Defendants maintain that the merger agreement did not establish personal jurisdiction over them individually because entering into the merger agreement was 
an act by the corporation, not by the individual directors.  Defendants argue that a contract entered into on behalf of a corporation does not establish jurisdiction over its officers or directors who are not parties to the agreement.  They further argue that each defendant was not acting as each other's agent.   

Here, we find 
Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.
, 66 Ill. App. 3d 789 (1978), and 
Young
 instructive.  In 
Mergenthaler
, this court discussed the distinction between obtaining personal jurisdiction over a corporation and obtaining personal jurisdiction over one of the corporation's employees, which in 
Mergenthaler
 was the corporation's president.  This court found that "[t]he mere fact that a corporation by which a nonresident is employed, or in which he is a stockholder is itself subject to Illinois jurisdiction does not subject that non-resident to jurisdiction."  
Mergenthaler
, 66 Ill. App. 3d a
t 797.  The court also stated that "[a]ny transaction of business with Illinois residents was by the corporation and not by the employee individually."  
Mergenthaler
, 66 Ill. App. 3d a
t 797.  The court further found that although the corporation's president had traveled to Illinois, because the cause of action did not arise out of those trips, he was not subject to personal jurisdiction in Illinois.  
Mergenthaler
, 66 Ill. App. 3d a
t 797.

The 
Young
 court also noted that personal jurisdiction must be established by the acts of the individual employee and not by the acts of the corporation.  
Young
, 790 F.2d at 570.  The court further stated that "[d]ue process does not allow the directors of a national corporation to be sued by its shareholders anywhere the corporation happens to be present."  
Young
, 790 F.2d at 572.       

Here, defendants entered into the merger agreement on behalf of the corporation, not on behalf of themselves individually.  As in 
Mergenthaler
 and 
Young
, personal jurisdiction must be established by the individual employee's acts and not the acts of the corporation.  Further, plaintiff is unable to cite to any authority, and our research has been unable to uncover any, that would support its proposition that each defendant was acting as one another's agent when they traveled to Illinois.  Plaintiff has failed to establish that the individual defendants made or performed a contract substantially connected with Illinois.

Section
 2-209(a)(11) - Breach of Fiduciary Duty

Plaintiff contends that defendants breached their fiduciary duty 
by: (1) failing to ensure the merger materials did not contain material misrepresentations of fact and false statements about Household's finances; (2) failing to conduct a reasonable investigation; and (3) failing to ensure the merger agreement was structured for the benefit of plaintiff.

Defendants maintain they did not breach their fiduciary duty within Illinois because 
the situs of plaintiff's claims for breach of fiduciary duty is where the board held its meetings and made its decisions, which were outside of Illinois.  Defendants argue that both Illinois and federal courts have repeatedly held that the situs of a claim for breach of fiduciary duty is the place where the board took action, not anywhere the injury is felt.  Defendants further maintain that courts have held that a breach of fiduciary duty claim cannot be filed anywhere any shareholder resides. 
 

Here, as stated above, the directors of a national corporation cannot be sued by its shareholders anywhere the corporation happens to be present.  
Young
, 790 F.2d at 572.  None of the acts that plaintiff alleges amounted to a breach of defendants' fiduciary duty occurred in Illinois.  The merger materials were neither prepared in Illinois nor was the due diligence investigation conducted in Illinois.  Plaintiff has failed to establish that defendants breached their fiduciary duty within Illinois. 

Due Process 

To satisfy federal due process requirements, a nonresident defendant must have sufficient minimum contacts with the forum state, so that the exercise of jurisdiction does not offend "'traditional notions of fair play and substantial justice.'"  
International Shoe Co. v. Washington
, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting 
Milliken v. Meyer
, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940).  In determining whether the defendant had sufficient contacts with the forum state, a court will look to whether the defendant did some act by which it purposely availed itself of the privilege of conducting activities in the forum state.  
Burger King Corp. v. Rudzewicz
, 471 U.S. 462, 473, 85 L. Ed. 2d 528, 541, 105 S. Ct. 2174, 2182 (1985).  Where a defendant deliberately reaches out and creates continuing obligations between himself and residents of the forum state, he has availed himself of the privilege of conducting business there and invoked the protections and benefits of the forum's law.  
Burger King
, 471 U.S. at 475-76, 85 L. Ed. 2d at 542, 105 S. Ct. at 2184.  The "purposeful availment" requirement ensures that a defendant "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts" or of the unilateral action of a third party.  
Burger King
, 471 U.S. at 475, 85 L. Ed. 2d at 542, 105 S. Ct. at 218, 
quoting 
Keeton v. Hustler Magazine, Inc.
, 465 U.S. 770, 774, 79 L. Ed. 2d 790, 797, 104 S. Ct. 1473, 1478 (1984).

In addition to establishing minimum contacts, federal due process requires that the action arise out of the defendant's contacts with the forum state and that it be reasonable to require the defendant to litigate in the forum state.  
Burger King
, 471 U.S. at 472-77, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-85.  An action arises out of the defendant's contacts with the forum state where it "lie[s] in the wake of the commercial activities by which the defendant submitted to the jurisdiction" of the forum state.  
Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.
, 906 F.2d 276, 281 (7
th
 Cir. 1990).  As to the element of reasonableness, a defendant who reaches out to create a relationship with a resident of the forum state must present a compelling case that jurisdiction is unreasonable.  
Burger King
, 471 U.S. at 477, 85 L. Ed. 2d at 543-44, 105 S. Ct. at 2184-85.  

Plaintiff contends personal jurisdiction is proper under the due process, minimum contacts analysis because (1) defendants directed the allegedly fraudulent merger materials to Illinois stockholders; and (2) several defendants traveled to Illinois in connection with the allegedly fraudulent conduct.  

We find that defendants' acts were insufficient to confer personal jurisdiction under the due process analysis.  Mailing of the merger materials to stockholders and attending several social dinners were not the types of acts by which defendants purposely availed themselves of the privileges of conducting business in Illinois.  The alleged fraud did not arise from the sending of the merger materials and defendants' visits to Illinois.  The alleged fraud arose from the failure to discover the fraudulent finances of Household.  Additionally, due process does not allow the directors of a national corporation to be sued by its shareholders anywhere the corporation happens to be present.  
Young
, 790 F.2d at 572.  Further, Illinois has only a limited interest in adjudicating the dispute.  Neither plaintiff nor defendants are residents of Illinois.  Moreover, it is clear that Illinois law does not apply; rather, Delaware law applies.  

Plaintiff relies on 
Daniel J. Hartwig Associates, Inc. v. Kanner
, 913 F.2d 1213, 1218 (7th
 Cir. 1990) (personal jurisdiction comported with due process because the defendant solicited the plaintiff's Illinois business numerous times and created a 
continuing relationship between himself and a resident of Illinois
); 
Deluxe Ice Cream Co. v. R.C.H. Tool Corp.
 726 F.2d 1209, 1216 (7th
 Cir. 1984) (personal jurisdiction comported with due process because 
the defendant had an ongoing business relationship with an Illinois corporation); 
and 
Autotech Controls Corp. v. K.J. Electric Corp
., 256 Ill. App. 3d 721, 725-26 (1993) (due process requirements were met because the defendant purposefully directed its activities at Illinois residents, reached out to create a continuing relationship with Illinois' citizens, and purposefully derived benefits from its activities with Illinois). 

We find the above cases distinguishable.  In each of them, personal jurisdiction was proper based on the defendants' ongoing business relationships with Illinois, which gave rise to the cause of action.  Here, defendants' alleged fraudulent acts did not arise out of the limited activities they conducted in Illinois.  

The Circuit Court's Order

Lastly, plaintiff contends the circuit court's order contained factual and legal errors.  Plaintiff argues that the court erred in its factual findings when it found that defendants had never traveled to Illinois.  Plaintiff points to a single sentence in the court's order that stated, "there is nothing to suggest that any of the defendants traveled to Illinois in connection with this transaction."  Plaintiff maintains that it is clear from the defendants' depositions that several of them traveled to Illinois "in connection with the merger."  

Although defendants argue the issue is waived because plaintiff failed to raise the issue in its complaint and before the trial court, we take a moment to address the issue because we find it does not affect our disposition.  Although several defendants traveled to Illinois, the trips were "social" in nature and none of the trips were part of the alleged fraudulent acts.  As previously stated in this opinion, the fraudulent acts defendants were alleged to have committed did not arise out of their travels to Illinois.  
Therefore, we find it unpersuasive that defendants' travel to Illinois was sufficient to confer personal jurisdiction over them.

Plaintiff also argues the circuit court "legally" erred because it misapplied the concept of a "fortuitous contact."  Plaintiff points to the part of the court's order that states "[t]he mailing was to all shareholders one of whom were 'fortuitously' in Illinois."  Plaintiff maintains that the court "borrowed the concept of a fortuitous contact" from 
World-Wide Volkswagen Corp. v. Woodson
, 444 U.S. 286,  62 L. Ed 2d 490, 100 S. Ct. 559 (1980) and "misapplied it" to support a distinction between a defendant that sends mail to one individual and a defendant that sends mail to a group of people.  Plaintiff maintains that the merger materials mailed to all shareholders in Illinois were a sufficient basis for establishing personal jurisdiction over each of the defendants because the mailings were "purposeful" and "direct."
 

In 
World-Wide Volkswagen
, the United States Supreme Court used the term "fortuitous circumstance" to explain why personal jurisdiction in Oklahoma was not proper over the defendants who were located in New York and who had sold a single automobile to New York residents, which happened to be involved in an accident in Oklahoma.  
World-Wide Volkswagen
 444 U.S. at 295, 62 L. Ed 2d at 500, 100 S. Ct. at 566.      

Here, we do not believe the circuit court's use of the word "fortuitous" was a misapplication of law.  The court was merely indicating that the merger materials had been mailed to all shareholders, some of whom happened to be located in Illinois.  Further, as stated previously, 
the merger materials were not specifically targeted at or intended to affect an Illinois interest, which is not the type of purposeful contact that is sufficient to confer jurisdiction over the individual directors.  

Accordingly, we affirm the judgment of the circuit court.

Affirmed. 

HOFFMAN and SOUTH, J.J. concur.