SECOND DIVISION
FILED: May 27, 2008

No. 1-07-2031

| | | |
|---|---|---|
| TODD M. HANSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 04 L 9494 |
| | ) | |
| SARWAR AHMED and FARAAZ | ) | |
| AHMED, | ) | The Honorable |
| | ) | Diane Larson, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Todd M. Hanson, brought this action against the defendants, Sarwar Ahmed and Faraaz Ahmed, asserting claims for defamation per se and defamation per quod.[1] The defendants filed a motion to dismiss for lack of personal jurisdiction, which was denied by the circuit court, and the defendants have appealed. For the reasons that follow, we reverse the ruling of the circuit court.

The allegations contained in the amended complaint, the affidavits in support of the motion to dismiss, and the attached exhibits reveal the following relevant facts. The plaintiff is a resident of Illinois, and the defendants are residents of Missouri. In his amended complaint, the plaintiff alleged that, on May 13, 2003, he was involved in an automobile accident with a motor vehicle owned and/or operated by the defendants. Following the accident, the plaintiff filed a police report and submitted a claim for property damage under the automobile liability insurance policy issued

---

[1] The plaintiff also asserted defamation claims against Batool Ahmed and Sana Ahmed, which were dismissed, and those defendants are not parties to this appeal.

to the defendants by Allstate Property and Casualty Insurance Company (Allstate). Allstate rejected the plaintiff's claim because the defendants had denied any involvement in the accident. The defendants' denials of involvement were made during two telephone conversations initiated by the Allstate claims adjuster in Illinois to the defendants in Missouri.

The amended complaint sought damages for defamation per se and defamation per quod, based on allegedly false statements made by the defendants to the Allstate claims adjuster.[2] In particular, the plaintiff claimed that, by denying any involvement in the automobile accident, the defendants falsely represented that he had lied about the accident and had filed a false police report and a fraudulent insurance claim. The amended complaint asserted that the circuit court of Cook County had personal jurisdiction over the defendants under section 2-209 of the Code of Civil Procedure (the long-arm statute) (735 ILCS 5/2-209 (West 2006)), based on the commission of a tortious act within Illinois.

The defendants filed a motion to dismiss for lack of personal jurisdiction, asserting that the complaint failed to allege sufficient facts to confer long-arm jurisdiction under section 2-209. In particular, the defendants asserted that they were not residents of Illinois, had not committed any tortious acts in Illinois, and did not otherwise have sufficient minimum contacts with Illinois such that they had purposefully availed themselves of the privilege of conducting activities within this State.

---

[2] The plaintiff did not seek recovery for any property damage to his vehicle or rental car expenses allegedly resulting from the automobile accident.

The circuit court denied the defendants' motion, finding that "a portion of the tort" of defamation occurred in Illinois. In making this finding, the court relied specifically on the fact that the defendants' alleged statements had been made telephonically into Illinois. The court concluded that this conduct was sufficient to establish long-arm jurisdiction based on the commission of a tort, where the publication of the allegedly defamatory statement occurred in Illinois. The circuit court specifically rejected the plaintiff's argument that his suffering of the injury in Illinois was sufficient to confer jurisdiction over the out-of-state defendants. We granted the defendants' petition for leave to file an interlocutory appeal pursuant to Supreme Court Rule 306(a)(3). 210 Ill. 2d R. 306(a)(3).

On appeal, the defendants contend that the circuit court erred in denying their motion to dismiss for lack of personal jurisdiction. We must agree.

The plaintiff bears the burden of establishing a prima facie basis for exercising personal jurisdiction over a defendant. Commerce Trust Co. v. Air 1st Aviation Companies, Inc., 366 Ill. App. 3d 135, 140, 851 N.E.2d 131 (2006); Illinois Commerce Comm'n v. Entergy-Koch Trading, LP, 362 Ill. App. 3d 790, 795, 841 N.E.2d 27 (2005). However, the plaintiff's prima facie case may be overcome by uncontradicted evidence that defeats jurisdiction. Illinois Commerce Comm'n, 362 Ill. App. 3d at 795; Alderson v. Southern Co., 321 Ill. App. 3d 832, 846, 747 N.E.2d 926 (2001). Where, as in this case, a circuit court determines jurisdiction without an evidentiary hearing, we review the court's decision de novo. Commerce Trust Co., 366 Ill. App. 3d at 140; Illinois Commerce Comm'n, 362 Ill. App. 3d at 795; Alderson, 321 Ill. App. 3d at 846. On appeal, we may consider a plaintiff's complaint and any affidavits submitted by the parties. Viktron Ltd. Partnership

3

v. Program Data Inc., 326 Ill. App. 3d 111, 116, 759 N.E.2d 186 (2001). Unrebutted allegations are taken as true. Viktron Ltd. Partnership, 326 Ill. App. 3d at 116.

In determining whether an Illinois court may assert personal jurisdiction over a nonresident defendant, Illinois courts employ a two-prong analysis to evaluate whether the facts of the case meet the requirements for (1) personal jurisdiction under the Illinois long-arm statute (735 ILCS 5/2-209 (West 2006)) and (2) due process under both the United States and Illinois Constitutions. Rollins v. Ellwood, 141 Ill. 2d 244, 275, 565 N.E.2d 1302 (1990); Commerce Trust Co., 366 Ill. App. 3d at 140. The long-arm statute enumerates 14 specific acts upon which jurisdiction over a nonresident defendant can be exercised, including the commission of a tortious act within Illinois (735 ILCS 5/2-209(a)(2) (West 2006)). The long-arm statute is applicable only when the cause of action arises from the activity which serves as the basis of jurisdiction. 735 ILCS 5/2-209(a) (West 2006). The purpose of the Illinois long-arm statute is to assert jurisdiction over nonresidents to the extent permitted by the due process clause. Green v. Advance Ross Electronics Corp., 86 Ill. 2d 431, 436, 427 N.E.2d 1203 (1981), citing Nelson v. Miller, 11 Ill. 2d 378, 389, 143 N.E.2d 673 (1957). Thus, the reach of the long-arm statute may lie within or may touch, but cannot extend beyond, the bounds circumscribed by the requirements of due process. Rollins, 141 Ill. 2d at 271; Arthur Young & Co. v. Bremer, 197 Ill. App. 3d 30, 35, 554 N.E.2d 671 (1990).

In this case, even if the circuit court correctly determined that the situs of the tort was Illinois because that was where the allegedly defamatory statements were published, an Illinois court would not be able to exercise jurisdiction over the out-of-state defendants unless the requirements of due process have been met. Consequently, we focus our analysis on whether the requirements of due

process have been satisfied. Sabados v. Planned Parenthood of Greater Indiana, 378 Ill. App. 3d 243, 246, 882 N.E.2d 121 (2007); Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill. App. 3d 381, 387, 827 N.E.2d 1031 (2005).

An assertion of personal jurisdiction satisfies federal due process guarantees so long as the defendant has sufficient "minimum contacts" with the forum state such that maintaining an action in that state does not offend " 'traditional notions of fair play and substantial justice.' [Citation.]" International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154 (1945). Minimum contacts must be based on acts by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of its laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). A nonresident defendant must have " 'fair warning' " that its activities may subject it to suit in the forum state. Burger King Corp., 471 U.S. at 472, quoting Shaffer v. Heitner, 433 U.S. 186, 218, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977) (Stevens, J., concurring in judgment). The "fair warning" requirement will be satisfied where the defendant purposefully directs its activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp., 471 U.S. at 472. The focus must be on the defendant's conduct, and " '[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.' " Burger King Corp., 471 U.S. at 474-75, quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). This focus is necessary to assure that a nonresident will not be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, [citations] or of the 'unilateral

activity of another party or a third person,' [citation]." Burger King Corp., 471 U.S. at 475; see also Sabados, 378 Ill. App. 3d at 247-48. Thus, a court must determine whether (1) the nonresident defendant has sufficient minimum contacts with the forum state, (2) the cause of action arises from these contacts, and (3) it is reasonable to require the defendant to litigate in the forum state. Viktron Ltd. Partnership, 326 Ill. App. 3d at 121.

We initially consider whether the defendants in this case had sufficient minimum contacts with Illinois such that, by their actions, they purposefully availed themselves of the privilege of conducting activities in Illinois and invoked the benefits and protection of its laws. Burger King Corp., 471 U.S. at 474-75. In our view, the undisputed evidence reflects that they did not.

The allegations contained in the amended complaint, the affidavits in support of the motion to dismiss, and the attached exhibits demonstrate that the defendants were Missouri residents and were not in Illinois when the allegedly defamatory comments were made. The only contacts the defendants had with the State of Illinois consist of the two telephone calls initiated by the claims adjuster employed by Allstate, during which the defendants were questioned about their involvement in the automobile accident. The defendants took no affirmative action to conduct any activities in Illinois; they did not initiate the telephone calls and did nothing to invoke the benefits and protection of the laws of Illinois. See Burger King Corp., 471 U.S. at 474-75. The defendants' participation in the two telephone conversations represent extremely attenuated contacts with Illinois that resulted from the unilateral activity of the Allstate claims adjuster. See Burger King Corp., 471 U.S. at 475.

In addition, an Illinois court does not acquire jurisdiction under the "last act" doctrine simply because an economic loss is felt in Illinois when all conduct contributing to the injury occurred

6

outside Illinois. Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 283 (7th Cir. 1990). Consequently, the fact that the plaintiff claimed to have experienced the injury in Illinois is insufficient to establish minimum contacts by a nonresident defendant. See Green v. Advance Ross, 86 Ill. 2d 431, 437-39, 427 N.E.2d 1203 (1981); see also Sabados, 378 Ill. App. 3d at 249; West Virginia Laborers Pension Trust Fund v. Caspersen, 357 Ill. App. 3d 673, 678-79, 829 N.E.2d 843 (2005).

We find that the evidence has failed to demonstrate that the defendants had minimum contacts with Illinois sufficient to establish personal jurisdiction under the long-arm statute. Because the plaintiff has failed to meet this threshold requirement necessary to satisfy due process, we need not address the remaining elements of the federal due process analysis. See Wiles v. Morita Iron Works Co., 125 Ill. 2d 144, 161, 530 N.E.2d 1382 (1988).

We also find that the evidence presented was inadequate to satisfy Illinois due process concerns. Under the Illinois Constitution's guarantee of due process, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts" that occur in Illinois or that affect interests located in Illinois. Rollins, 141 Ill. 2d at 275; Commerce Trust Co., 366 Ill. App. 3d at 147. As noted above, the defendants' contacts with Illinois consisted exclusively of their participation in the two telephone calls initiated by the Allstate claims adjuster who inquired about their involvement in the automobile accident that was the basis of the plaintiff's insurance claim. Considering the nature and quality of the defendants' conduct, we conclude that it would not be fair, just and reasonable to require the defendants to defend a defamation action in Illinois.

1-07-2031

For the foregoing reasons, the order of the circuit court denying the defendants' motion to dismiss for lack of personal jurisdiction is reversed.

Reversed.

HALL, J., and KARNEZIS, J., concur.