# Illinois Official Reports

## Appellate Court

---

### *Campbell v. Acme Insulations, Inc.*, 2018 IL App (1st) 173051

---

| | |
|---|---|
| Appellate Court Caption | ARLIN CAMPBELL, Deceased, By and Through His Special Administrator, Anissa Campbell Ivey, Plaintiff-Appellee, v. ACME INSULATIONS, INC.; ACTION INSULATING SERVICES, INC.; AJAX ELECTRIC COMPANY; AJAX MAGNETHERMIC CORPORATION; ALLEGHENY INTERNATIONAL, INC., f/k/a Allegheny Steel Company; ALLEGHENY STEEL COMPANY; ALLIED INSULATION SUPPLY COMPANY, INC.; ALLOYED INSULATION COMPANY, INC.; ARVINMERITOR, INC.; ARCTIC INSULATION, INC.; A.W. CHESTERTON COMPANY; BRAND INSULATIONS, INC.; BORG-WARNER CORPORATION, by Its Successor-in-Interest Borg-Warner Morse TEC, Inc.; CARBOLINE COMPANY; CARDINAL INDUSTRIAL INSULATION COMPANY, INC.; CARLISLE INSULATION, INC.; CATERPILLAR, INC.; CBS CORPORATION, f/k/a Viacom, Inc., Merger to CBS Corporation, f/k/a Westinghouse Electric Corporation; CERTAIN-TEED CORPORATION; COLFAX CORPORATION, a Virginia Corporation, a/k/a Warner Electric, a/k/a Boston Gear, a/k/a Delroyd Worm Gear Formsprag Clutch, a/k/a Stieber Clutch, a/k/a Ameridrives Couplings, a/k/a Wichita Clutch, a/k/a Nuttall Gear, a/k/a Industrial Clutch, a/k/a Marland Clutch; CONTINENTAL TEVES, INC.; CROWN, CORK AND SEAL COMPANY, INC.; CSR, LTD, a/k/a CONSOLIDATED SUGAR AND REFINING; THE DOW CHEMICAL COMPANY; FERRO CORPORATION; FERRO INDUSTRIES; FOSECO, INC.; GENERAL ELECTRIC COMPANY; GENERAL GASKET CORPORATION; GEORGIA-PACIFIC, LLC; GRINNELL, LLC; HENNESSY INDUSTRIES, INC.; HONEYWELL INTERNATIONAL, INC.; IOWA ILLINOIS TAYLOR INSULATION CONTRACTING, INC.; JOHN CRANE, INC.; THE J.R. CLARKSON COMPANY, Successor to the Kunkle Valve Company, and Successor to J.E. Lonergan Company; L&S INSULATION COMPANY, INC.; LATROBE SPECIALTY STEEL COMPANY; LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION; LENNOX INDUSTRIES, INC., f/k/a Lennox Furnace Company; LUSE-STEVENSON COMPANY; M&O INSULATION COMPANY; MAREMONT CORPORATION; |

METROPOLITAN LIFE INSURANCE COMPANY; MIDLAND ENGINEERING COMPANY, INC.; MINE SAFETY APPLIANCES COMPANY; MORTON INTERNATIONAL, INC., as Successor-in-Interest to Morton Thiokol, Inc., as Successor-in-Interest to Thiokol Corporation; NATIONAL SERVICE INDUSTRIES, INC. (Delaware), f/k/a North Brothers, National Service Industries, f/k/a North Brothers; NELSON INSULATION COMPANY; ON MARINE SERVICES COMPANY, a Delaware Corporation, and a Wholly Owned Subsidiary of Oglebay Norton Company, an Ohio Corporation; OWENS-ILLINOIS, INC.; PAUL J. KREZ COMPANY; SPRINKMANN SONS CORPORATION; PNEUMO ABEX CORPORATION; REPUBLIC STEEL; RILEY POWER, INC., f/k/a Riley Stoker Corporation, and Taylor Insulation Company; TELEDYNE MID-AMERICAN CORPORATION, a/k/a Teledyne-Vasco, f/k/a Vasco Steel; TRIANGLE ENTERPRISES, INC., a/k/a Triangle Insulation Company; UNION CARBIDE CORPORATION; UNION ELECTRIC STEEL CORPORATION; UNIVERSAL STAINLESS & ALLOY PRODUCTS, INC., f/k/a Cytemp Steel; WASHINGTON STEEL CORPORATION; WILKIN INSULATION COMPANY; WTI RUST HOLDINGS, INC.; and YOUNG INSULATION GROUP OF ST. LOUIS, INC., Defendants (General Electric Company, Defendant-Appellant).

| | |
|---|---|
| District & No. | First District, Sixth Division<br>Docket No. 1-17-3051 |
| Filed | May 18, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-4548; the Hon. Clare Elizabeth McWilliams, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Timothy E. Kapshandy, John A. Heller, and Peter N. Salib, of Sidley Austin LLP, of Chicago, for appellant. |

Laci M. Whitley and Tyler B. Wilke, of Flint Law Firm, LLC, of Edwardsville, for appellee.

Panel    PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Connors and Delort concurred in the judgment and opinion.


**OPINION**

¶ 1    The defendant, General Electric Company (GE), appeals from an order of the circuit court of Cook County denying its motion to dismiss for lack of personal jurisdiction over it in an action brought by the plaintiff, Arlin Campbell, for injuries allegedly resulting from his exposure to asbestos contained in GE's products.[1] For the reasons that follow, we reverse the decision of the circuit court and remand this cause with directions to dismiss GE as a party defendant.

¶ 2    The following factual recitation is derived from the allegations contained in the plaintiff's complaint, GE's motion to dismiss, the parties' subsequent filings, and the exhibits attached thereto.

¶ 3    On May 4, 2017, the plaintiff, a resident of Alabama, filed a complaint in the circuit court alleging that, in December 2016, he was diagnosed with mesothelioma caused by his exposure to asbestos at various jobs in Illinois, Alabama, Louisiana, and Texas between 1961 and 1999. He claimed that asbestos "emanate[ed] from certain products" that he encountered at his various jobs and that some of the products that he encountered at those jobs were "manufactured, sold, distributed or installed" by GE. Those jobs, according to the complaint, included the plaintiff's sole period of employment in Illinois, when he worked at Republic Steel in Chicago from 1964 to 1965.[2] The complaint did not specifically allege that the plaintiff encountered GE products containing asbestos at Republic Steel.

¶ 4    On June 9, 2017, GE filed a motion to dismiss on the basis that the plaintiff's complaint failed to allege sufficient facts to confer personal jurisdiction upon it under section 2-209 of the Code of Civil Procedure (Code) (735 ILCS 5/2-209 (West 2016)), commonly known as the Illinois long-arm statute.[3] GE asserted that it did not consent to the circuit court's jurisdiction, no general personal jurisdiction exists over it, and no specific personal jurisdiction exists because the plaintiff did not allege that he was exposed to asbestos from its products in Illinois.

_____

[1]Following the initiation of this lawsuit, Campbell died, and Anissa Campbell Ivey was appointed special administrator of his estate. GE is the only defendant that is a party to this appeal.

[2]In his discovery deposition, the plaintiff testified that his employment at Republic Steel in fact occurred in 1961 and 1962.

[3]Although GE's motion to dismiss did not identify the section of the Code under which it was brought, we construe it as having been brought under section 2-301 of the Code (735 ILCS 5/2-301 (West 2016)), which governs objections to the court's personal jurisdiction.

¶ 5    On August 16, 2017, the plaintiff filed a response to GE's motion, arguing that Illinois has "jurisdiction by necessity" because he was exposed to asbestos in multiple states and there is no single forum in which he could sue every defendant. He further asserted that GE consented to jurisdiction by doing business and having a registered agent in this state and is subject to the circuit court's general personal jurisdiction due to "systematic and continuous business contacts" that cause GE to be "at home" in Illinois. Finally, the plaintiff contended that GE is subject to the circuit court's specific personal jurisdiction because his discovery deposition, which occurred on July 19 and 20, 2017, established that he was exposed to asbestos from GE products in Illinois. According to the plaintiff, GE manufactured the electric furnaces containing asbestos, which were used to melt steel at Republic Steel.

¶ 6    On August 30, 2017, GE filed a reply that included the affidavit of a former employee, Bryan Toll Jr., who attested that between 1959 and 1979, he oversaw the manufacturing of "industrial furnaces" at the plant where GE maintained its industrial heating division. He denied that GE ever manufactured "any industrial furnace product that [met] or resemble[d] the description of 'electric furnaces' *** as described in [the plaintiff's] deposition" or that GE built furnaces "designed to 'melt steel.' " GE supplemented its reply with the transcript of the plaintiff's evidence deposition, which occurred on September 27, 2017.

¶ 7    On November 7, 2017, the plaintiff filed a supplemental response to GE's motion to dismiss that included an excerpt from a book about electric furnaces that was published in 1914. The excerpt, taken from a chapter titled "Laboratory Furnaces," mentions the "Arsem" furnace, a type of electric furnace that "operat[es] in a vacuum" and was "made in several forms" by GE.

¶ 8    On November 14, 2017, the circuit court denied GE's motion to dismiss in an oral ruling without identifying what basis it found for personal jurisdiction. We granted GE's petition for leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Nov. 1, 2017).

¶ 9    On appeal, GE contends that the circuit court erred in denying its motion to dismiss where the plaintiff failed to establish personal jurisdiction in Illinois. According to GE, (1) no general personal jurisdiction exists because it is not "at home" in Illinois, (2) it did not consent to jurisdiction in Illinois, and (3) no specific personal jurisdiction over it exists because the plaintiff's injury did not arise from its contacts in Illinois. We agree.

¶ 10    "The plaintiff has the burden of establishing a *prima facie* basis to exercise personal jurisdiction over a nonresident defendant." *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 12. The plaintiff's *prima facie* case may be overcome by a defendant's uncontradicted evidence that defeats jurisdiction. *Russell v. SNFA*, 2013 IL 113909, ¶ 28. However, "[a]ny conflicts in the pleadings and affidavits must be resolved in the plaintiff's favor" for purposes of determining whether jurisdiction has been established. *Id.* Whether the circuit court has personal jurisdiction over a party is a question of law. *Neighborhood Lending Services, Inc. v. Griffin*, 2018 IL App (1st) 162855, ¶ 16. Where, as here, the circuit court decides the issue of personal jurisdiction solely on documentary evidence without an evidentiary hearing, our review is *de novo. Kowal v. Westchester Wheels, Inc.*, 2017 IL App (1st) 152293, ¶ 14. We may consider a plaintiff's complaint and any affidavits submitted by the parties; unrebutted allegations are taken as true. *Hanson v. Ahmed*, 382 Ill. App. 3d 941, 943 (2008); see also Ill. S. Ct. R. 212(a)(4) (eff. Jan. 1, 2011) (providing that discovery depositions may be used "for any purpose for which an affidavit may be used").

¶ 11    Personal jurisdiction is the authority of the court "to bring a person into its adjudicative process." (Internal quotation marks omitted.) *In re M.W.*, 232 Ill. 2d 408, 415 (2009). The Illinois long-arm statute (735 ILCS 5/2-209 (West 2016)), which governs Illinois courts' exercise of personal jurisdiction over nonresidents, specifies that jurisdiction can be invoked based on the commission of a tort within Illinois. Additionally, the statute provides that "[a] court may also exercise jurisdiction on any other basis *** permitted by the Illinois Constitution and the Constitution of the United States." *Id.* § 2-209(c). Accordingly, "[i]f both the federal and Illinois due process requirements for personal jurisdiction have been met, the Illinois long-arm statute is satisfied and no other inquiry is required." *Keller v. Henderson*, 359 Ill. App. 3d 605, 612 (2005). However, if the requirements of due process are not satisfied, then personal jurisdiction cannot be invoked under the long-arm statute. See *Hanson*, 382 Ill. App. 3d at 943 ("[T]he reach of the long-arm statute may lie within or may touch, but cannot extend beyond, the bounds circumscribed by the requirements of due process."). Because the defendant in this case does not contend that the Illinois Constitution limits the exercise of jurisdiction to a greater degree than the United States Constitution, our analysis proceeds under only federal constitutional principles. See *Russell*, 2013 IL 113909, ¶ 33.

¶ 12    The federal due process clause (U.S. Const., amend. XIV, § 1) allows a state court to exercise personal jurisdiction over a nonresident defendant only if the defendant has minimum contacts with the state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) *Aspen*, 2017 IL 121281, ¶ 14 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two categories of personal jurisdiction: general and specific. *Graver v. Pinecrest Volunteer Fire Department*, 2014 IL App (1st) 123006, ¶ 15. The minimum contacts that are required for purposes of due process depend on the category of personal jurisdiction asserted. *Id.*

¶ 13    Turning first to the issue of general personal jurisdiction, the plaintiff contends that GE is subject to jurisdiction in Illinois due to its significant presence and the "large amount of business" that it conducts in this state. GE, in response, argues that general personal jurisdiction is lacking because its business in Illinois represents a relatively small part of its worldwide operations and neither its headquarters nor principal place of business is located in Illinois.

¶ 14    "Where general jurisdiction exists, the plaintiff may pursue a claim against the defendant even if the conduct of the defendant that is being challenged occurred entirely outside the forum state." *Aspen*, 2017 IL 121281, ¶ 14. "[T]he standard for finding general jurisdiction is very high and requires a showing that the nonresident defendant carried on systemic business activity in Illinois not casually or occasionally, but with a fair measure of permanence and continuity." (Internal quotation marks omitted.) *Russell*, 2013 IL 113909, ¶ 36. However, the United States Supreme Court has explained that general jurisdiction does not automatically arise "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014). Instead, "only a limited set of affiliations with a forum" provide a basis for general jurisdiction. *Id.* at 137. For a corporate defendant, this determination requires "an appraisal of [its] activities in their entirety, nationwide and worldwide." *Id.* at 139 n.20. In particular, the corporation's "affiliations" with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The paradigm examples of a corporation's home forum are its place

of incorporation and principal place of business, although, in "exceptional" cases, a corporation may be "at home" elsewhere. *Daimler*, 571 U.S. at 137, 139 n.19.

¶ 15    Based on these principles, we find that GE is not "at home" in Illinois and, therefore, not subject to the circuit court's general personal jurisdiction. The record reveals that GE's place of incorporation is New York and its principal place of business is in Massachusetts. Although GE has been licensed to conduct business in Illinois since 1897; employs 3000 employees at 30 facilities that it owns, leases, or operates in Illinois; and bases up to six business units in this state, we must consider that activity in the context of GE's national and worldwide operations. *Id.* at 139 n.20. GE's business in Illinois constitutes a relatively small portion of its total operations. It has dozens of business units throughout the United States, operates in 180 countries, earns more than half of its $117 billion annual revenue in foreign countries, and employs 333,000 workers worldwide, with 125,000 workers located throughout the United States. See *id.* (noting that "[a] corporation that operates in many places can scarcely be deemed at home in all of them"). The record is unclear as to the precise annual revenue that GE generates from its business units in Illinois but shows that its sales from its Illinois operations exceed $1 billion, and it is claimed to have a $4.8 billion "[e]conomic [i]mpact" in Illinois. However, neither factor establishes that the circuit court has general jurisdiction over GE. Notably, GE reports annual earnings of more than $53 billion from its United States operations as a whole. Further, the Supreme Court has stated that the fact that a defendant has "sizable" sales in a particular forum does not automatically subject it to general jurisdiction, as such a rule would prevent out-of-state businesses from structuring their conduct "with some minimum assurance as to where that conduct will and will not render them liable to suit." (Internal quotation marks omitted.) *Id.* at 139 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The record before us reflects that approximately 2% of GE's income from United States operations is generated in Illinois and only approximately 2.4% of its United States workforce is employed in Illinois.

¶ 16    Viewing these circumstances together, we find that the plaintiff has not established that GE's contacts render it "at home" in Illinois or that exceptional conditions exist that would otherwise support general personal jurisdiction. *Cf. Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 439, 448 (1952) (holding that a company incorporated in the Philippines was subject to Ohio's jurisdiction when it relocated there during World War II). In so holding, we reject the plaintiff's argument that the "at home" standard is inapplicable because *Daimler*, unlike the present case, involved an international defendant. See *Aspen*, 2017 IL 121281, ¶¶ 18-20 (finding that, under *Daimler*, a company that was incorporated in Indiana and had its principal place of business there was not "at home" in Illinois and, therefore, not subject to general personal jurisdiction in Illinois).

¶ 17    To the extent the plaintiff argues that GE's unrelated business in Illinois constitutes "consent" to the circuit court's jurisdiction in this case, we decline to find that GE consented to be sued in Illinois based on the same activities that we have found to be insufficient to invoke the circuit court's general personal jurisdiction. Nor does the fact that GE has a registered agent for service of process in Illinois show that it consented to jurisdiction in this State. To the contrary, a defendant who has a registered agent neither "consent[s] to general jurisdiction as a condition of doing business in Illinois" nor "waives any due process limitations on this state's exercise of general jurisdiction." *Id.* ¶ 24. We also reject the notion that GE "consented" to jurisdiction because, in unrelated matters, it sued in Illinois courts or defended actions without

- 6 -

contesting jurisdiction. A party does not consent to jurisdiction in one proceeding by reason of failing to contest jurisdiction in another (*Colletti v. Crudele*, 169 Ill. App. 3d 1068, 1075-76 (1988), *superseded by statute on unrelated grounds*, Pub. Act 91-145 (eff. Jan. 1, 2000) (amending 735 ILCS 5/2-301), *as recognized in In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2001)), and we cannot say that a nonresident defendant's periodic participation in litigation in Illinois over the course of its existence causes it to "reasonably anticipate being haled into court" on any matter when the requirements for minimum contacts have not otherwise been met. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

¶ 18     Next, we consider whether GE is subject to specific personal jurisdiction in Illinois. Specific jurisdiction exists when there is an affiliation "between the forum and the underlying controversy," *i.e.*, some activity or occurrence "that takes place in the forum State and is therefore subject to the State's regulation." (Internal quotation marks omitted.) *Goodyear*, 564 U.S at 919. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (Internal quotation marks omitted.) *Id.* As the Supreme Court has explained, "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. ___, ___, 137 S. Ct. 1773, 1781 (2017).

¶ 19     In this case, the plaintiff contends that the circuit court has specific personal jurisdiction over GE because he was exposed to asbestos from GE products in Illinois during his employment at Republic Steel. In support of this claim, the plaintiff relies on testimony from his discovery deposition. However, the transcript of that deposition shows that, initially, he testified that he did not remember what manufacturers produced any of the equipment used at Republic Steel. Later, he expressed his belief that the electric furnaces used for melting steel were manufactured by GE because his brother "worked on furnaces," although the plaintiff acknowledged that no "tags" or "writing" on the furnaces "suggested" they were GE products.

¶ 20     GE, in response, argues that the plaintiff's testimony during his evidence deposition shows that he lacked personal knowledge as to whether the furnaces at Republic Steel were manufactured by GE and, therefore, he cannot establish that specific personal jurisdiction exists. The transcript of the plaintiff's evidence deposition shows that his attorney asked him whether he had "any way of knowing who made any of [the] furnaces" at Republic Steel. In response, he stated, "[n]o, I don't—I can't really say." He added, however, that the furnaces were larger than an "SUV," lined with "brick," and wrapped in metallic insulation.

¶ 21     Pursuant to Illinois Supreme Court Rule 212(a)(4) (eff. Jan. 1, 2011), a discovery deposition may be used "for any purpose for which an affidavit may be used." Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013), in turn, provides that "affidavits submitted in connection with a motion to contest jurisdiction over the person *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *** shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." For purposes of a Rule 191(a) affidavit, the "[m]ere allegation that a triable issue of facts exists does not create an issue of fact," and an affidavit will be deemed insufficient if it "shows on its face that [the affiant] could not competently testify at the trial to [the] matters" asserted therein. (Internal quotation marks omitted.) *Stephens v. Northern Indiana Public Service Co.*, 87 Ill. App. 3d 961, 965 (1980).

¶ 22    Applying Rule 191(a) to the plaintiff's deposition testimony, we find that he did not establish a basis for the circuit court's specific personal jurisdiction over GE. In his discovery deposition, the plaintiff first denied knowing what manufacturers produced the equipment used at Republic Steel in Illinois, but later he expressed his belief that the electric furnaces used for melting steel were manufactured by GE because his brother "worked on furnaces." He also admitted that no "tags" or "writing" on the furnaces "suggested" they were GE products. In his evidence deposition, the plaintiff admitted that he had no way of knowing who made the furnaces in use at Republic Steel. The plaintiff's deposition testimony, taken in its entirety, shows that he could not competently testify that the furnaces used at Republic Steel were manufactured by GE. His discovery deposition, in fact, suggests that his testimony in that regard is inadmissible hearsay. See Ill. R. Evid. 602 (eff. Jan. 1, 2011) ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *Ruprecht Co. v. Sysco Food Services of Seattle, Inc.*, 309 Ill. App. 3d 113, 123 (1999) (declining to accept statements contained in an affidavit as true where the affiant lacked personal knowledge of the facts alleged therein); *Kutner v. DeMassa*, 96 Ill. App. 3d 243, 249 (1981) (disregarding the plaintiff's affidavit where it was not based on personal knowledge and did not affirmatively show that the plaintiff could competently testify to the facts alleged). Other than his deposition testimony, the plaintiff did not introduce any other evidentiary material supporting his claim that he was exposed to a product produced by GE containing asbestos, during his employment in Illinois.

¶ 23    GE's former employee, Toll, attested that GE never manufactured an electric furnace designed for melting steel. Even if the excerpt proffered by the plaintiff from the 1914 book shows that GE did manufacture such furnaces prior to Toll's tenure at the corporation, nothing in the record, including the plaintiff's description of the furnaces in his evidence deposition, identifies the "vacuum" furnaces described in the book with the furnaces used at Republic Steel. See *Flanders v. California Coastal Communities, Inc.*, 356 Ill. App. 3d 1113, 1119 (2005) (noting that "[t]he jurisdiction of the courts is not meant to be a speculative venture"). Simply put, the evidentiary material in this case does not support even an inference that the plaintiff was exposed to asbestos from GE products in Illinois. Therefore, he failed to meet his burden of establishing a *prima facie* basis for an Illinois court exercising specific personal jurisdiction over GE in this case.

¶ 24    In reaching this conclusion, we reject the plaintiff's argument that, for purposes of specific personal jurisdiction, "[i]t does not matter whether the particular fact pattern that led to [a] plaintiff's injury has the requisite contacts" to the forum state if "the defendant's contacts with the state made it foreseeable for that defendant to defend that type of action in the state in which [the] plaintiff brings it." The plaintiff argues for a "sliding scale" approach to specific personal jurisdiction, where a connection between a plaintiff's claim and the defendant's forum contacts can more readily be established if the defendant has wide-ranging contacts in that forum. In *Bristol-Myers*, however, the United States Supreme Court rejected the notion that specific personal jurisdiction could be asserted under a "sliding scale" theory. *Bristol-Myers*, 582 U.S. at ___, 137 S. Ct. at 1781. As the Court explained, a corporation's continuous activity within a state "is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (Internal quotation marks omitted.) *Id.* at ___, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 927). Instead, for purposes of specific personal

jurisdiction, there must be "a connection between the forum and the specific claims at issue." *Id.* at ___, 137 S. Ct. at 1781.

¶ 25  As a final matter, the plaintiff argues that jurisdiction in Illinois is appropriate under a doctrine of "jurisdiction by necessity." Under this doctrine, according to the plaintiff, GE is subject to jurisdiction in Illinois because there is no other forum in which he could bring his action against all the defendants. While the plaintiff cites to certain decisions of the United States Supreme Court containing *dicta* that he construes as showing the Court's implicit recognition that such a doctrine exists, he identifies no case in which the Court adopted the doctrine or, for that matter, any case in which any other court exercised jurisdiction over a party on that basis. See, *e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 419 n.13 (1984) (finding the record insufficient to determine whether jurisdiction by necessity would apply, but noting that such a doctrine is "a potentially far-reaching modification of existing law"); *Shaffer v. Heitner*, 433 U.S. 186, 211 n.37 (1977) ("This case does not raise, and we therefore do not consider, the question whether the presence of a defendant's property in a State is a sufficient basis for jurisdiction when no other forum is available to the plaintiff."). Absent any authority adopting the concept of jurisdiction by necessity, we will not adopt such a theory here. See *Everett v. Aurora Pump Co.*, No. 4:17CV230 HEA, 2017 WL 2778091, at *2 (E.D. Mo., June 27, 2017) (declining to adopt the doctrine of jurisdiction by necessity and characterizing it as a "previously unrecognized *** method upon which to obtain personal jurisdiction over a defendant that has not been shown to have 'sufficient minimum contacts' " with the forum state, such that "exercise of personal jurisdiction over it would conform with *** due process and traditional notions of fair play and substantial justice").

¶ 26  For all the foregoing reasons, we find that the plaintiff has not met his burden of establishing that GE is subject to personal jurisdiction in Illinois either under a general or specific jurisdiction theory. The order of the circuit court denying the defendants' motion to dismiss for lack of personal jurisdiction is, therefore, reversed, and the matter is remanded with directions to enter an order dismissing GE as a party defendant.

¶ 27  Reversed and remanded with directions.